OIL WELL SERVICE COMPANY, a corporation, Consolidated Oil Well Service Company, Plaintiffs,

v.

UNDERWRITERS AT LLOYD'S LONDON, subscribing to Insurance Policy No. MC74855, Defendants.

No. 69–993.

United States District Court
C. D. California.

Aug. 4, 1969.

Ball, Hunt, Hart & Brown by Clark Heggeness, Long Beach, Cal., for plaintiffs.

Lillick, McHose, Wheat, Adams & Charles, by David Brice Toy, Los Angeles, Cal., for defendants.

ORDER GRANTING REMAND

HAUK, District Judge.

The plaintiffs' motion to remand this case to the Superior Court of the State of California, County of Los Angeles, was heard on July 22, 1969. Having heard the arguments of counsel, and being fully advised, it appears to the Court that this case was improperly removed in that the defendant waived its right to remove the case to the District Court.

Upon motion to remand to the State Court, the Federal Court is limited solely to the question of jurisdiction. Babb v. Paul Revere Life Insurance Co., 102 F.Supp. 247 (D.C.S.C.1952). If Federal jurisdiction is doubtful, the case will be remanded. Wisseman v. LaChance, 209 F.Supp. 807, (D.C.N.C. 1962).

The plaintiffs are suing on a policy of insurance issued by defendant which provides, in part, as follows:

"It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the Assured (or Reassured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

" * * * in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Court in the event of an appeal."

If such language were intended only to grant jurisdiction, it could simply have said that Underwriters agreed to submit to the jurisdiction of any court of conpetent jurisdiction. However, Underwriters added "at the request of the Assured." The plaintiffs requested defendant to submit to the jurisdiction of the State Court by filing their action therein. And, if there were any doubt as to such request, it was eliminated by the plaintiffs' motion to remand the case to the State Court after it was removed to the Federal District Court.

In addition, defendant agreed to comply with all requirements necessary to give *such* Court jurisdiction, to have all matters determined in accordance with the law and practice of *such* Court, and to abide by the final decision of *such* Court. "Such Court" is the court of competent jurisdiction chosen by the plaintiff, in this case the State Court. Euzzino v. London & Edinburgh Insurance Co., 228 F.Supp. 431 (N.D.Ill.1964).

The privilege of removal may be waived. It is doubtful whether parties may stipulate in advance to restrict removal, but the above-quoted language does not constitute a bargain limiting parties to particular tribunals. It merely restricts the defendant to the Court in which suit is first begun against it, be it Federal or State. General Phoenix Corporation v. Malyon, 88 F.Supp. 502 (S.D.N.Y.1949).

It is therefore ordered that the plaintiffs' motion be, and it is hereby granted, and that this case be remanded to the Superior Court of the State of California, County of Los Angeles, and that a certified copy of this Order be mailed by the Clerk of this Court to the Clerk of the Superior Court of the State of California, County of Los Angeles; and

It is further ordered that plaintiffs have and recover their costs and disbursements in this Court against defendant, to be taxed by the clerk; such to include the $20 docket fee on trial or final hearing (28 U.S.C. § 1923(a)) and all other taxable items.