WHIRLPOOL CORPORATION, Plaintiff-Appellant, v. CERTAIN UNDER-WRITERS AT LLOYD'S LONDON, Defendants-Appellees.

First District (1st Division)   No. 1—94—0775

Opinion filed February 13, 1996.

Cassiday, Schade & Gloor, of Chicago (D. Patterson Gloor and Sandra E. Kupelian, of counsel), for appellant.

Lord, Bissell & Brook, of Chicago (Joseph A. Hinkhouse, of counsel), Palmer, Biezup & Henderson, of Philadelphia, Pennsylvania (Alfred J. Kuffler, Kevin G. O'Donovon, and Peter J. Williams, of counsel), for appellees.

JUSTICE WOLFSON delivered the opinion of the court:

Both sides in this lawsuit are shopping for a friendly forum.

Whirlpool, a Michigan corporation, wants to try its insurance indemnity claim against Lloyd's, a group of English insurance underwriters, in Illinois. Lloyd's wants to try the case in Michigan. The environmental spill that created this insurance coverage controversy took place in Arkansas.

The threshold issue is whether the "service-of-suit" clause in the parties' insurance contract requires that the case be tried in Illinois. The trial judge said it did not. He then granted Lloyd's motion to dismiss on *forum non conveniens* grounds.

While we agree that the contract did not require an Illinois forum, we vacate the trial judge's dismissal order and remand this cause for further proceedings.

## FACTS

Whirlpool is a Delaware corporation authorized to do business in Illinois. Whirlpool's principal place of business and world headquarters is Benton Harbor, Michigan. Defendants are insurers located in

London, England, and countries other than the United States, who subscribed to umbrella and excess insurance polices issued to Whirlpool for the years 1971 through 1977.

On January 29, 1974, the Fort Smith division of Whirlpool began disposing of solid and liquid waste at the industrial waste control (IWC) facility near Fort Smith, Arkansas. The Arkansas Department of Pollution Control and Ecology approved the disposal. Whirlpool stopped sending waste to the site in March 1977.

In 1982, the United States Environmental Protection Agency (USEPA) named the Fort Smith IWC site a "superfund" site pursuant to the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. § 9601 *et seq.* (1988). On January 4, 1984, the USEPA sent a letter to Whirlpool, among others, placing Whirlpool on notice that it was potentially responsible for the costs incurred in investigating and cleaning up the Fort Smith IWC site.

On April 2, 1993, Whirlpool filed a complaint for declaratory judgment against defendants based on defendants' failure to fulfill their contractual obligations and their failure to indemnify Whirlpool with respect to losses incurred in connection with the Fort Smith IWC site. Plaintiff's complaint alleges: In February 1971 and May 1974, Whirlpool purchased umbrella and excess insurance policies from certain underwriters at Lloyd's through Lloyd's authorized agent, Bowes, an Illinois corporation. Lloyd's issued various policies of insurance to Whirlpool through Bowes' principal place of business in Cook County, Illinois. Whirlpool was insured under those policies from February 15, 1971, through May 31, 1977.

Whirlpool alleges that as of July 31, 1991, it had incurred $5,726,000 in investigation and remediation costs under the direction and supervision of the responsible government entities. Whirlpool's complaint alleges that it continues to perform necessary and reasonable remedial action and continues to suffer loss and incur costs due to the Fort Smith IWC claim.

In its underlying claims, Whirlpool alleges that an "accident or occurrence or bodily injury, or injury to or destruction of property occurred" during some part of the policy years Lloyd's policies were in effect. Whirlpool contends Lloyd's policies cover expenses incurred in connection with Whirlpool's clean up of the Fort Smith IWC site.

Defendants appeared in the present case on May 28, 1993, and submitted to jurisdiction in Illinois.

On August 6, 1993, defendants moved to dismiss the action for *forum non conveniens.* Defendants contended that either Michigan, the location of Whirlpool's corporate headquarters, or Arkansas, the

location of the Fort Smith IWC site, was a more convenient forum for the litigation.

The trial court first ruled that the "service-of-suit" provision was not a binding forum selection clause. Then, after a hearing, the trial court granted defendant's motion and dismissed Whirlpool's action in Illinois on *forum non conveniens* grounds. Whirlpool later filed a motion to reconsider. That motion was denied.

Whirlpool appeals the trial court's granting of the *forum non conveniens* motion and the denial of the motion to reconsider.

After the dismissal of Whirlpool's action in the trial court and during the pendency of this appeal, defendants filed a declaratory judgment action in the United States District Court for the Western District of Michigan, seeking a declaration that they were not compelled to indemnify Whirlpool under the terms of the same insurance policies at issue in this action. That case is pending. See Garety v. Whirlpool Corp., No. 1:94—CV—642.

OPINION

THE SERVICE-OF-SUIT PROVISION

First, we must decide whether a defendant can raise the doctrine of *forum non conveniens* after having agreed by contract to submit to the jurisdiction of any court of competent jurisdiction. This is a case of first impression in Illinois.

The contract provides:

> "**Service of Suit Clause**—It is agreed that in the event of the failure of the Underwriters to pay any amount claimed to be due hereunder, the Underwriters at the request of the insured (or reinsured), *will submit to the jurisdiction of any Court of competent jurisdiction within the United States* and will comply with all requirements necessary to give such Court jurisdiction and *all matters arising hereunder shall be determined in accordance with the law and practice of such Court.*" (Emphasis added.)

Whirlpool claims that the service-of-suit clause gave Whirlpool the right to choose a forum for this litigation and, therefore, defendants were barred from moving to dismiss this action from Whirlpool's chosen forum.

Whirlpool argues this dispute centers on the meaning of the word "submit."

Defendants do not contest that they have agreed to "submit"; they only contest what it is they have agreed to submit to.

Whirlpool contends that defendants have agreed to submit to the jurisdiction of the Illinois courts and to stay there. Defendants

maintain that submitting to the jurisdiction of the Illinois courts does not preclude them from arguing that the forum chosen by Whirlpool was inconvenient.

The trial court's decision regarding the service-of-suit clause was based on an analysis of contract language and the application of principles of contract interpretation. This court's review of that issue is *de novo*. *Owens v. Midwest Tank & Manufacturing Co.* (1989), 192 Ill. App. 3d 1039, 549 N.E.2d 774.

■ No Illinois reviewing court has construed this kind of service-of-suit provision, although we have decided that true forum selection clauses are *prima facie* valid. The party opposing enforcement of a forum selection clause is required to show that litigation in the contractual forum will be so burdensome "that there will be no real opportunity to litigate the issues in a fair manner and that enforcement of the clause is tantamount to depriving the plaintiff access to the courts." *Dace International, Inc. v. Apple Computer* (1995), 275 Ill. App. 3d 234, 239, 655 N.E.2d 974.

In *Dace*, the contract that the court enforced expressly provided that " '[a]ll actions or proceedings arising directly or indirectly from this Agreement other than those for injunctive relief shall be litigated in courts located within the County of Santa Clara, California. Consultant consents to the jurisdiction thereof *and agrees not to disturb such choice of forum.*' " (Emphasis added.) *Dace*, 275 Ill. App. 3d at 236.

The contract language in this case is far from that of *Dace*. There is no mention here of any specific forum. Nor is there any clear agreement by Lloyd's that it will not challenge Whirlpool's choice of forum.

The contract language in this case has been litigated in other places. The jurisdictions are divided, but the contention that this is not a forum selection clause seems to have the numerical upper hand.

Recently, in *Columbia Casualty Co. v. Bristol-Myers Squibb Co.* (1995), 215 A.D.2d 91, ___, 635 N.Y.S.2d 173, 176, the court reconsidered its earlier decision on a provision containing language almost identical to the words at issue here:

> "Contrary to the finding of *Rokeby-Johnson*, the wording of the provision is clearly permissive in its construction and contains no mandatory language binding the parties to a particular forum. The clause merely states that the insurer will submit to the jurisdiction to be selected by the insured. There is no indication that such selection shall be the exclusive forum nor of the parties' intent to submit to a particular venue."

The clause being permissive, said the New York court, there is no bar to a *forum non conveniens* application.

Cases lining up with *Columbia* include *Appalachian Insurance Co. v. Superior Court* (1984), 162 Cal. App. 3d 427, 208 Cal. Rptr. 627, *W.C. Grace & Co. v. Hartford Accident & Indemnity Co.* (1990), 407 Mass. 572, 555 N.E.2d 214, and *Cannelton Industries, Inc. v. Aetna Casualty & Surety Co. of America* (1994), 194 W. Va. 203, 460 S.E.2d 18.

*Appalachian Insurance* discussed the reason for the service-of-suit clause. It was developed by Lloyd's many years before in response to its competitors' claims that Lloyd's was not amenable to process in the United States. For that reason, said the American competitors, customers should place their business with domestic companies.

■ We believe the reasoning of the cases rejecting these clauses as forum selection provisions is persuasive. If parties to a contract agree to try their case in a specific forum, they could be giving up important rights. At the same time, a forum selection clause seeks to bind a State to try a case it otherwise might not want. Good policy dictates that a true forum selection clause should be clear and specific. This clause is not.

We do not agree with those cases that hold language similar to the provision here creates a binding forum selection clause. See *Rose City v. Nutmeg Insurance Co.* (5th Cir. 1991), 931 F.2d 13; *International Insurance Co. v. McDermott, Inc.* (5th Cir. 1992), 956 F.2d 93.

We hold the contract language in this case means that Lloyd's agreed to accept service of suit in the State chosen by the plaintiff, this State, just as the title of the provision implies. The fact that the provision appears to require Lloyd's to accept Illinois law as the law of the case does not mean Lloyd's was foreclosed from claiming the forum is inconvenient. Illinois law can be applied by any court in any State.

We do not reach any conclusion as to whether the service-of-suit clause in this case is also a choice of law provision. That issue is not before us.

The trial court did not err when it ruled Lloyd's could proceed with its motion to dismiss on grounds of *forum non conveniens.*

### THE *FORUM NON CONVENIENS* RULING

The trial judge concluded there was no compelling reason for the State of Illinois to become involved in this case. He said:

> "[I]f the laws of the State of Illinois apply, they can be applied by other courts other than this court. Plaintiff is not a resident of this State. The defendant is not. The only issue that possibly could conceivably [a]ffect Illinois has to do with agency, and I see no reason why that can't be resolved otherwise."

Denying a motion to reconsider its ruling, the trial court again said Whirlpool is a "nonresident," that Illinois has "plenty of crowded courts and plenty of cases."

We can understand the trial judge's concern with the volume of litigation in the Cook County courts. But that legitimate concern cannot be the beginning and end of *forum non conveniens* analysis. The doctrine envisions more than a pure exclusionist approach.

This is a doctrine that allows a court to decline jurisdiction over the subject matter and parties where it appears that another forum "can better serve the convenience of the parties and the ends of justice." *McClain v. Illinois Central Gulf R.R. Co.* (1988), 121 Ill. 2d 278, 288, 520 N.E.2d 368.

■ When ruling on a *forum non conveniens* motion, a court must apply a balancing test, one that considers both private and public interests. *Kwasniewski v. Schaid* (1992), 153 Ill. 2d 550, 553, 607 N.E.2d 214.

The private factors include: (1) the convenience of the parties; (2) the relative ease of access to sources of proof; (3) the accessibility of witnesses; and (4) "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Kwasniewski*, 153 Ill. 2d at 553.

The public interest factors include: (1) the congestion of the court dockets; (2) the interest in deciding localized controversies; and (3) the unfairness of imposing jury duty on residents of a county with little connection to the litigation. *Kwasniewski*, 153 Ill. 2d at 553.

The balancing test is an unequal one, weighted in favor of the plaintiff's chosen forum. (*Evans v. MD Con, Inc.* (1995), 275 Ill. App. 3d 292, 295, 655 N.E.2d 1016.) That choice will not be disturbed unless the balance of factors strongly favors the defendant who is moving to dismiss on *forum non conveniens* grounds. *Stein v. Volkswagen of America, Inc.* (1985), 135 Ill. App. 3d 127, 132, 481 N.E.2d 1022.

While a nonresident plaintiff's choice of forum must not be given undue deference, it is a factor to be weighed with all other relevant factors. *Griffith v. Mitsubishi Aircraft International, Inc.* (1990), 136 Ill. 2d 101, 108-09, 554 N.E.2d 209.

A trial court has broad discretion when it weighs the various factors, and its decision will be reversed only if it represents an abuse of discretion. *McClain*, 121 Ill. 2d at 288.

■ In this case, the trial judge did not engage in the required weighing process. He centered his analysis on his crowded docket and the fact that both parties are foreign to Illinois.

Lloyd's tried to make the case for a Michigan forum, and in fact filed a declaratory judgment action in the Federal court of that State

while this appeal was pending. Michigan, however, does not appear to be a more convenient place to try this case. True, Whirlpool is headquartered in Michigan, but Whirlpool is not claiming its own inconvenience. Lloyd's cannot make the claim on Whirlpool's behalf. See *Hall v. CBI Industries, Inc.* (1994), 264 Ill. App. 3d 299, 303, 636 N.E.2d 1037.

This dispute represents more than a mere jockeying for position. The stakes are high. The insurance policies contain much-litigated pollution exclusion clauses. There is no coverage unless the spill was "sudden and accidental." Illinois courts define "sudden and accidental" as unexpected or unintended. Gradual spills are not excluded. (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.* (1992), 154 Ill. 2d 90, 607 N.E.2d 1204.) Michigan courts define "sudden and accidental" as temporal in meaning, ruling out gradual spills. *Upjohn v. New Hampshire Insurance Co.* (1991), 438 Mich. 197, 476 N.W.2d 392.

While it is true foreign courts can apply Illinois law where required, it is fair to infer that Illinois courts will be more likely to do so. In this case, the district court judge in Michigan has indicated a preference for Michigan law, although he has not yet issued a choice of law ruling.

No one, it appears, wants to try this case in Arkansas, where the pollution occurred.

Lloyd's has no home State in this country. Presumably, one State would be as convenient as any other for Lloyd's. On the other hand, the mere fact that Lloyd's might have had a registered agent in Illinois does not decide a *forum non conveniens* motion. See *Certain Underwriters at Lloyd's, London v. Bertrand Goldberg Associates, Inc.* (1992), 238 Ill. App. 3d 692, 606 N.E.2d 541.

There is no indication in this record that the trial judge weighed the various private and public factors that enter into a *forum non conveniens* analysis. Here, those factors would include not only a congested court call, but also the location of important witnesses, the fact that the contract was entered into in Illinois, the interest of this State in enforcement of its contract law in pollution indemnity cases, access to sources of proof, Whirlpool's choice of forum, the existence of a more convenient place to try the case, and the burden on the people of this State. The list is not exclusive.

We find the trial court abused its discretion because it failed to weigh the relevant factors when deciding whether "another forum *** can better serve the convenience of the parties and the ends of justice." *McClain*, 121 Ill. 2d at 288.

CONCLUSION

For the foregoing reasons, we vacate the trial court's order of dismissal and remand the cause for consideration of the defendants' *forum non conveniens* motion, consistent with the views expressed in this opinion.

Vacated and remanded.

CAMPBELL, P.J., and BRADEN, J., concur.