**ARCHDIOCESE OF MILWAUKEE, Holy Name Catholic Church, St. Francis Desales Catholic Church, St. Patrick Catholic Church, St. Peter Claver Parish, St. James Catholic Church, and Holy Cross Parish, Plaintiffs,**

v.

**UNDERWRITERS AT LLOYD'S, LONDON; Dominion Insurance Co.; CNA Reinsurance of London Ltd.; Stronghold Insurance Co., Excess Insurance Co., Yasuda Fire and Marine Insurance Co.; Terra Nova Co.; St. Katherine Insurance Co.; Sphere Drake Insurance Co. PLC; Interstate Fire & Casualty Co.; Centennial Insurance Co.; International Surplus Lines Insurance Co.; Granite State Insurance Co., and National Union Fire Insurance Co., Defendants.**

Civil Action No. 95–C–0088.

United States District Court,
E.D. Wisconsin.

Feb. 28, 1997.

Matthew J. Flynn, Quarles & Brady, Milwaukee, WI, For Plaintiffs Archdiocese of Milwaukee, Holy Name Catholic Church, St. Francis DeSales Catholic Church, St. Patrick Catholic Church, St. Peter Claver Parish, St. James Catholic Church, and Holy Cross Parish.

Maureen A. McGinnity, Foley & Lardner, Milwaukee, WI, and Catalina J. Sugayan, Lord, Bissell & Brook, Chicago, IL, For Defendants Underwriters at Lloyds of London, Dominion Ins. Co., CNA ReIns. of London, Ltd., Stronghold Ins. Co., Excess Ins. Co., Yasuda Fire & Marine Ins. Co. of America, Terra Nova Co., St. Katherine Ins. Co., and Sphere Drake Ins. Co.

Randy Sue Schreiber, Querrey & Harrow, Chicago, IL, and Timothy J. McNamara, Onedane, Donohoe, Bernard, Torian, Diaza, McNamara & Abell, Lafayette, LA, For Defendant Interstate Fire & Cas. Co.

Lisa M. Kouba, Clausen, Miller, Gorman, Caffrey & Witous, Chicago, IL, and Donald P. O'Meara, Mitchell, Baxter, O'Meara & Mathie, s.c., Milwaukee, WI, For Defendants Centennial Ins. Co., and National Union Fire Ins. Co.

D. Timothy McVey, Purcell & Wardrope, Chicago, IL, For Defendant Int'l Surplus Lines Ins. Co.

Charles H. Bohl, Whyte Hirschboeck Dudek, S.C., Milwaukee, WI, and Tamara A. Hayes, Whyte, Hirschboeck & Dudek, Menomonee Falls, WI, For Defendant Granite State Ins.

## DECISION AND ORDER ADOPTING MAGISTRATE'S RECOMMENDATION

REYNOLDS, District Judge.

A contract term, has kept this case in a state of jurisdictional limbo for over two years. The defendants want this insurance coverage dispute litigated in federal court, and the plaintiffs want the case remanded to state court. Although the defendants would normally have a right to a federal forum, the relevant contract clause states: "the Insurers, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States." (Pls.' Resp. to Defs.' Objections to Magistrate's Mem. & Order, Ex. 1 (Schneider Aff.), Ex. A.) If that language waives the right to remove a case, this case belongs back in Milwaukee County Circuit Court.

The clause justifies the rule that a court interprets any ambiguities against the insurer. Had the clause stated "the Insurers waive any defenses based on personal jurisdiction or service of process," as the defendants say it means, the removal issue would have been clear, and the case could have been finished by now.

At best, the clause is ambiguous, and the plaintiffs win; at worst, the defendants' interpretation makes one part of the clause superfluous and contradicts another part of the contract. Although drafters of contracts prefer old, vague, awkward phrasing that courts have interpreted, the interpretation of similar clauses favors the plaintiffs. The court agrees with Magistrate Judge Gorence's April 23, 1996 Memorandum and Order, and will remand the case.

■ Generally, the court would review the magistrate's decision only for clear error because a motion to remand is not a dispositive motion as defined by Fed.R.Civ.P. 72(b). Because the parties have implicitly treated the court's review as *de novo* and because the court would come to the same conclusion under either standard, it will proceed with a *de novo* review.

The plaintiffs filed this insurance coverage dispute in Milwaukee County Circuit Court on December 23, 1994. On January 25, 1995, the defendants removed the case to federal court. On February 25, 1995, the plaintiffs moved to remand this case to state court. On May 7, 1996, Magistrate Judge Gorence issued an order granting the motion to remand, which the defendants appealed.

■ The parties dispute whether the following clause waives the defendants' right to remove a case to federal court:

> [I]n the event of the failure of the Insurers to pay any amount claimed to be due hereunder, the Insurers, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

(Schneider Aff.Ex. A.) The plaintiffs argue that defendants agreed to submit to the jurisdiction of the court that plaintiffs choose. The defendants argue that they merely agree to accept service of the complaint and to waive a defense based upon the lack of personal jurisdiction.

"At the request of the insured" supports both parties' interpretations. Implicit in the defendants' view, the plaintiffs are requesting that the parties resolve the dispute about the insurer's obligation to pay. In other words, the clause should say "The Insurers, at the request of the insured (or reinsured)

to resolve the insurers' failure to pay, will submit to the jurisdiction of any Court...." Implicit in the plaintiffs' view, they are requesting that the insurers submit the dispute to a specific court. In other words, the clause should say, "The Insurers, at the request of the insured to submit the dispute to the jurisdiction of any Court of competent jurisdiction within the United States, will agree to that request."

Because the clause does not identify what "request" means, both interpretations are plausible, and the court must adopt the plaintiffs' interpretation—the defendants have agreed to submit to the court of the plaintiffs' choosing.

Even if the court did not interpret all ambiguities in the insured's favor, it would reject the defendants' interpretation. First, if the defendants are correct, the phrase "at the request of the insured (or reinsured)" is meaningless. The clause would have the same meaning if it said "the Insurer will submit to the jurisdiction of any Court of competent jurisdiction...." Courts try to avoid making phrases superfluous.

Second, the defendants' interpretation contradicts the phrase requiring them to "submit to the jurisdiction of any Court ... and comply with all requirements necessary to give such Court jurisdiction...." Because the clause does not specify personal jurisdiction, it means either personal jurisdiction or subject matter jurisdiction. Removal, however, allows a party to deny one court subject matter jurisdiction in favor of another. By removing the case from Milwaukee County Circuit Court to federal court, the insurers denied the Milwaukee County Circuit Court the authority to determine the merits of the case.

Because the insurers must comply with all requirements necessary to give "such Court"[1] jurisdiction, the insurers could not remove the case.

The vagueness of "request" suggest an interpretation more detrimental to the defendants. "Request" summons up images of a formal, engraved invitation, which has nothing to do with the reality of litigation. Rather, the plaintiffs made their request by filing a civil complaint in a

---

**1.** The use of "such Court" also undermines the defendants' interpretation. "Such" is a definite adjective, referring to a specific court; however, the clause mentions no specific court. If the court equates "such court" with "any court," the defendants have agreed to do whatever is necessary to give any court jurisdiction.

Third, cases interpreting similar language also reject the defendants' position. As Magistrate Judge Gorence noted, and as the defendants accept, every court has held that this type of clause prevents an insurer from removing the case to federal court. (*See* Apr. 23, 1996 Memorandum and Order at 5–6 (*citing* cases).) In response, the defendants rely on cases in which courts granted an insurer's motion to dismiss for *forum non conveniens*. *See* May 7, 1996 Objection to Magistrate's Memorandum and Order at 3–7 (*discussing* cases). In granting those motions, many of the cases appear to contradict the reasoning of the remand cases. *See Cannelton Indus., Inc. v. Aetna Cas. & Surety Co.*, 194 W.Va. 186, 460 S.E.2d 1, 12–13 (1994); *W.R. Grace & Co. v. Hartford Accident and Indem. Co.*, 407 Mass. 572, 555 N.E.2d 214, 218–19 (1990). Only one, however, directly criticized the remand cases. *See Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill.App.3d 175, 214 Ill. Dec. 901, 905, 662 N.E.2d 467, 471 (1996). Because the defendants see no difference between remand and dismissal for *forum non conveniens*, they ask the court to follow the latter cases.

The difference between remand and *forum non conveniens* is the difference between a purely private interest and a public interest; therefore, the *forum non conveniens* cases have no application to a remand case. The defendants' right to remove a case is their right alone. They can waive it, exercise it, or bargain it away. The court and the public have no interest in what the defendants do with their right to remove. On the contrary, *forum non conveniens* deals with where a case should be tried based on the interests of both the parties and the public. Regardless of what a party bargains away, it may not waive the public's interest; the court must still weigh the public interest involved. *See Appalachian Ins. Co. v. Union Carbide Corp.*, 162 Cal.App.3d 427, 208 Cal.Rptr. 627, 633 (1984).

Many of the *forum non conveniens* cases take this position. *See id.* 208 Cal.Rptr. at

634. In *W.R. Grace*, the court granted a motion to dismiss for *forum non conveniens*, but it refused to consider the insured's private interests in changing the forum because the contract had a clause similar to the one at issue in this case. 555 N.E.2d at 219.

The criticisms of the remand cases misinterpret the meaning of the clause and are trapped in semantics. The issue is not whether the clause is a forum selection clause (whether it is or not resolves neither the removal nor the *forum non conveniens* issues); the issue is whether the defendants have waived their right to remove the plaintiffs' case to federal court. It may be that the defendants can move for a dismissal for *forum non conveniens*. It may be that the defendants could have filed a declaratory judgment action in federal court first. *Compare City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir.1991) (holding that the clause waived an insurer's right to remove the plaintiff's case) *with International Ins. Co. v. McDermott, Inc.*, 956 F.2d 93, 95, 96 (5th Cir.), *cert. denied*, 506 U.S. 826, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992) (holding that the clause did not waive an insurer's right to file a declaratory action in federal court before the plaintiff filed a state court action but explicitly reaffirming *Nutmeg*). Nevertheless, the defendants waived their right to remove this case to federal court.

The plaintiffs challenged Magistrate Judge Gorence's ruling that denied them costs in moving for remand. On this issue, the plaintiffs agree that the court's review is for clear error. Nothing suggests clear error, so the court adopts the magistrate's decision to deny the plaintiffs' costs.

## CONCLUSION

The court **ADOPTS** Magistrate Judge Gorence's April 23, 1996 Memorandum and Order and **ORDERS THE FOLLOWING:**

1. The court **REMANDS** the case to Milwaukee County Circuit Court.

2. The court **RESERVES** for the Milwaukee County Circuit Court, the motion of

---

specific court. If the court were to interpret "such Court" as a specific court, the only possible court is the one in which the complaint ("the

request") was filed. So, the defendants agreed to submit to the jurisdiction of the court in which the complaint was filed.

Underwriters at Lloyd's, London to vacate any defaults against CNA Reinsurance of London, Ltd.

The court **AFFIRMS** Magistrate Judge Gorence's decision to deny payment of costs to the plaintiffs.

**SO ORDERED.**

### MEMORANDUM AND ORDER

GORENCE, United States Magistrate Judge.

### NATURE OF CASE

The plaintiffs, the Archdiocese of Milwaukee and six parishes, have filed a motion to remand this case involving an insurance coverage dispute to Milwaukee County Circuit Court. On December 23, 1994, the plaintiffs filed suit in Milwaukee County Circuit Court against 14 insurance companies.[1] The remaining 13 defendants consist of Underwriters at Lloyd's, London (Lloyd's), and eight "London Insurers", along with four American insurance companies.[2] On January 25, 1995, the defendants removed the case to federal court pursuant to 28 U.S.C. § 1441 asserting that this court has original jurisdiction under 28 U.S.C. § 1332. On February 25, 1995, the plaintiffs moved to remand this case to state court. Also pending is defendant Lloyd's motion to vacate any defaults against CNA Reinsurance of London, Ltd. (CNA) and motion to file a surreply. These motions will be addressed herein.

This case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 13.03 (E.D.Wis.). Because the parties have not consented to magistrate judge jurisdiction, this court now makes its recommended disposition of the pending motions.

### DEFENDANT UNDERWRITERS AT LLOYD'S, LONDON'S MOTION TO FILE SURREPLY

■ The defendant Lloyd's has moved to file a surreply to the plaintiffs' reply brief in support of their motion for remand on the ground that the plaintiffs have raised an additional issue in that brief. The plaintiffs oppose the motion.

Local court rules do not provide for the filing of a surreply brief. Local Rule 6.01 (E.D.Wis.) provides for the filing of a brief in support of a motion, an answering brief, and a reply brief. The rule does not provide for briefs in response to replies, such as the defendant's surreply brief which responds to an "additional issue" in the plaintiff's reply brief. If the defendant's brief is permitted, the plaintiffs may wish to file a reply to defendant's surreply. However, at some point, briefing must end. Accordingly, defendant Lloyd's motion to file a surreply brief will be denied.

### PLAINTIFFS' MOTION TO REMAND

The plaintiffs argue that the case must be remanded because Lloyd's and the London Insurers contractually waived their right to remove and all named defendants have not joined in the removal as required by 28 U.S.C. § 1446. The plaintiffs contend that the defendants Lloyd's and the London Insurers waived any right to removal by agreeing in the insurance contracts with plaintiffs to submit to the jurisdiction of any court of competent jurisdiction which plaintiff selects and to have the controversy determined in accordance with law and practice of that court.

The defendants contend that the contract language does not constitute a waiver of any rights to removal and the purpose of the clause is merely to provide consent to service of process. They also assert that removal was proper because CNA, as a nominal defendant, was not required to join in the notice for removal and that CNA did join in the removal notice but was not named on Consent to Removal form due to a clerical error.

The dispute between the parties centers around the interpretation of a clause in the insurance contracts entered into by the par-

---

1. Originally there were 14 named defendants but one defendant, National Union Fire Insurance Company, was voluntarily dismissed prior to the removal of this case to federal court.

2. The London Insurers are insurers associated with Underwriters at Lloyd's, London, to provide surplus lines coverage under Wis Stat § 618.41.

ties. The policies issued by defendants Lloyd's and the London Insurers contain the following applicable provisions:[3]

It is agreed that in the event of the failure to pay any amounts claimed to be due hereunder, the Insurers, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice in such Court.

It is further agreed that service of process in such suit may be made upon Lord, Bissell & Brook, 115 South LaSalle Street, Chicago, Illinois 60603, or Mendes & Mount, 3 Park Avenue, New York, New York 10016, or their nominee, and that in any suit instituted against any of them upon this contract, the Insurers will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named are authorized and directed to accept service of process on behalf of the Insurers in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon the Insurer's behalf in the event such a suit shall be instituted.

The plaintiffs characterize this provision as a forum selection clause which mandates that all disputes arising from non-payment to the insured plaintiffs be litigated in the forum chosen by the plaintiffs. On the other hand, the defendants assert it is a service of suit clause.

A review of the relevant policy provisions shows that the defendant insurers agreed to litigate disputes under the policy in any court of competent jurisdiction selected by the plaintiff-insureds. The defendants, Lloyd's and the London Insurers, which drafted the policies, included the language, "at the request of the Insured" and agreed to "submit to the jurisdiction of any court of competent jurisdiction" and to "comply with all requirements necessary to give such court jurisdiction." The defendants also agreed to having matters "determined in accordance with the law and practice of *such* Court." (Emphasis added). The "such Court" is the court of competent jurisdiction selected by the plaintiffs.

The defendants' interpretation of the policy provisions would render these provisions mere surplusage. Thus, unless these phrases are considered mere surplusage, the policy provisions provide that the plaintiff-insureds have the right to choose the court of competent jurisdiction to be utilized for resolution of policy disputes. The language in this forum selection clause waived the defendants' right to removal.

■ Forum selection clauses are enforceable and should be controlling "absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1972). The party challenging the clause must show "that enforcement would be unreasonable or unjust, or that the clause was invalid for reasons of fraud or overreaching." *Id.* In this case, the defendants have made no showing that the provisions at issue are unreasonable under the standards set forth in *M/S Bremen.*

This construction of the policy provision is supported by a long line of cases where courts interpreting the same or similar language in insurance contracts have held that it constitutes a waiver of the defendant's right to remove. *See Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1216–18 (3d Cir.), cert. denied, 502 U.S. 908, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991); *City of Rose City v. Nutmeg Ins. Co.,* 931 F.2d 13 (5th Cir.), cert. denied, 502 U.S. 908, 112 S.Ct. 301, 116 L.Ed.2d 244 (1991); *Cessna Aircraft Co. v. Fidelity and Casualty Co. of New York,* 616 F.Supp. 671, 674–75 (D.N.J.1985); *Capital Bank and Trust Co. v. Associated International insurance Co.,* 576 F.Supp. 1522,

---

3. The record does not contain the contract provisions involving the remaining defendants and the plaintiffs.

1524–25 (M.D.La.1984); *Himes v. Admiral Insurance Co.*, 575 F.Supp. 312, 313–14 (E.D.Ky.1983); *Perini Corporation v. Orion Ins. Co.*, 331 F.Supp. 453, 455 (E.D.Cal.1971); *Lavan Petroleum Co. v. Underwriters at Lloyd's*, 334 F.Supp. 1069, 1073 (S.D.N.Y. 1971); *Oil Well Service Co. v. Underwriters at Lloyd's*, 302 F.Supp. 384, 385 (C.D.Cal. 1969); *Euzzino v. London & Edinburgh Ins. Co.*, 228 F.Supp. 431, 433 (N.D.Ill.1964); *General Phoenix Corp. v. Malyon*, 88 F.Supp. 502 (S.D.N.Y.1949). Each of these courts determined that by choosing to include this forum selection clause, the defendants effectively waived their right to remove.

In *Foster*, the court held that the same language in the clause in the contract manifested the insurer's consent and willingness to "go to and stay in" the court requested by the insured. 933 F.2d at 1217; *see also, Nutmeg*, 931 F.2d at 15 (substantially identical service of suit clause gave the insured the right to choose the forum in which to try its claims against the insurer and prohibited the defendant insurer from removing the state court action to federal court); *Euzzino*, 228 F.Supp. at 433 (the clause "restricts the defendant to the court in which the suit first began against it, be it Federal or State") (*citing General Phoenix*, 88 F.Supp. at 503).

Defendant Lloyd's or one of its affiliated insurers was either named as a defendant or the author of the policy in a number of these cases in which courts held that the clause served as a waiver to the right to remove. *See e.g. Cessna*, 616 F.Supp. at 671 (Lloyd's named as defendant); *Perini*, 331 F.Supp. at 455 (Lloyd's authored policy); *Lavan*, 334 F.Supp. at 1069 (Lloyd's named as defendant); *Oil Well Service*, 302 F.Supp. at 384 (Lloyd's named as defendant).

The defendants rely on three cases in which virtually the same language was construed in favor of the insurer. However, these cases are clearly distinguishable. In *McDermott International, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199 (5th Cir.1991) the court found ambiguity in the contract which contained two coequal forum selection clauses—an arbitration clause and a service-of-suit clause. Under the facts of the case, the court concluded that the policy did not unambiguously give the insured the right to choose which forum would decide arbitrability of policy disputes or waive the insurer's removal rights. In the instant case, the arbitrability of policy disputes is not an issue. The issue is simply whether the defendants properly failed to pay the claims.

*In re Delta America Re Ins. Co.*, 900 F.2d 890 (6th Cir.), *cert. denied*, 498 U.S. 890, 111 S.Ct. 233, 112 L.Ed.2d 193 (1990) is equally unavailing to the defendants. In *Delta*, the defendant, a commercial bank branch of a foreign sovereign, removed a state court action pursuant to 28 U.S.C. § 1441(d), a part of the Foreign Sovereign Immunities Act (FSIA), which gives foreign sovereigns the right to remove actions brought against them in state court. The court found that the language in the contract clause did not clearly and unequivocally evidence an intent to waive the right to removal. However, the court acknowledged that its finding was bolstered by the language and purpose of § 1441(d) which granted the right of removal to foreign sovereigns and thus allowed them to avoid "any local bias or prejudices possibly inherent in state court proceedings and also to avoid trial by jury." *Id.* at 893. Therefore, *Delta* is not persuasive where as here there are no considerations involving the FSIA.

In *Regis Associates v. Rank Hotels (Management) Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990), the clause at issue merely stated that the "parties hereby submit to the jurisdiction of the Michigan Courts." The clause did not provide that the insured could select the forum in which to litigate any disputes or require the defendant to abide by the decision of such court. The court found that the language in the clause did not waive the right of removal from state court to federal court in Michigan.

In light of the foregoing, the court concludes that by including the forum selection clause in the agreements with the plaintiffs, the defendants effectively waived their right to remove any subsequent dispute under the contract to federal court. Defendants Lloyd's and the London Insurers agreed to litigate this matter in any court of competent

jurisdiction selected by the plaintiffs. The plaintiffs selected the Milwaukee County Circuit Court. The issue of contractual waiver is dispositive of the plaintiffs' motion to remand. Therefore, the issue concerning whether CNA failed to join in the removal is moot. Accordingly, the plaintiffs' motion to remand will be granted.

### OTHER MATTERS

■ The plaintiffs also request that this court award it attorney's fees under 28 U.S.C. § 1447(c). Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." While this court has determined that the clause at issue is a forum selection clause, defendants' position on removal was not without basis in existing case law. Therefore, after due consideration and in the exercise of its discretion, the court denies the plaintiffs' request for attorney's fees.

Finally, this court will not resolve the motion of defendant Lloyd's to vacate any defaults against CNA. Resolution of that motion will be reserved for the state circuit court to which this matter is being remanded.

### ORDER

**NOW THEREFORE, IT IS ORDERED** that the plaintiff's motion to remand be and hereby is **GRANTED.**

**IT IS ALSO ORDERED** that the motion of Underwriter at Lloyd's, London to vacate any defaults against CNA Reinsurance of London, Ltd be and hereby is **RESERVED** for the Milwaukee County Circuit Court.

**IT IS ALSO ORDERED** that the motion of defendant Underwriter of Lloyd's, London to file a surreply be and hereby is **DENIED.**

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Local Rule 13.02 (E.D.Wis.), whereby written appeal from any order herein or part thereof may be filed with the clerk of court within ten days hereof. Failure to appeal to the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 23rd day of April, 1996.