*In re* MARRIAGE OF JOSEPH M. WALKER, Petitioner-Appellant, and JEANNE M. WALKER, Respondent-Appellee.

First District (4th Division)    No. 1—95—3282

Opinion filed March 27, 1997.

Jeffery M. Leving, Ltd., and Kaufman, Litwin & Feinstein, both of Chicago (Paul L. Feinstein, of counsel), for appellant.

Davis, Friedman, Zavett, Kane & MacRae, of Chicago, for appellee.

JUSTICE CERDA delivered the opinion of the court:

Petitioner, Joseph M. Walker, appeals from the order of the circuit court of Cook County granting the motion of respondent, Jeanne M. Walker, for Illinois to concede jurisdiction over the child-custody proceeding to Minnesota. We affirm.

The parties were married on September 29, 1979, and their child, Joseph, was born on October 23, 1986. On January 16, 1990,

petitioner filed a petition for dissolution of his marriage. On August 22, 1991, a judgment of dissolution of marriage was entered, incorporating a marital settlement agreement. The parties were awarded joint legal and physical custody of the child, who would reside 50% of the time with each parent. Beginning in September 1992, the child was to reside with petitioner each summer. The child was also to reside with petitioner during Easter and alternating Christmas vacations. Respondent was given the right to move with the child to Minnesota.

Paragraph 2.11 of the settlement agreement stated in part:

"Parties further agree that upon the minor child attaining the age of twelve (12) he shall have a right to express a preference in determining which parent he would desire to reside with ***. In the event the parties are unable to reach an accord, *nothing in this paragraph shall prohibit a party from filing a Petition for Modification of Residence or Visitation, all in accordance with Chap. 40, Ill. Rev. Stat.*" (Emphasis added.)

Paragraph 2.17 stated:

"In the event the parties are unable to agree to the specifics necessary to carry out the intentions of Article II [captioned 'Child Custody and Visitations'] of this Agreement, *any dispute shall be submitted to a court of competent jurisdiction* upon proper notice, petition and hearing for determination." (Emphasis added.)

Paragraph 14.5(G) stated:

"*This Agreement shall be construed under the general laws of the State of Illinois*, irrespective of the later domicile or residence of the HUSBAND or the WIFE." (Emphasis added.)

On December 29, 1994, petitioner filed a petition seeking to become the primary residential custodial parent. Petitioner alleged that there had been substantial changes of circumstances that caused the child's primary living environment to jeopardize his well being. Petitioner alleged that the child had behavioral problems and challenged the respondent's parenting.

Petitioner also filed a motion for a Supreme Court Rule 215(a) mental examination of the child by Dr. Robert E. Bussell, a psychiatrist in Illinois. 134 Ill. 2d R. 215(a). Petitioner argued that he believed that the child was currently under psychotherapeutic care and that a psychiatric evaluation would determine the fitness of both parents and the mental and emotional state of the child. On May 10, 1995, the trial court ordered that respondent and the child meet with Dr. Bussell so that he could prepare a custody evaluation.

On April 17, 1995, respondent filed a motion for the court to concede jurisdiction of the custody proceeding to a Minnesota court.

Respondent argued that Illinois was an inconvenient forum and that Minnesota was a more appropriate forum.

At the June 1995 hearing on respondent's motion, petitioner testified that from September 1991 until the fall of 1992, when the child started school, the child spent 6 out of 11 months with him. There were substantial periods of time that the child was in a day-care center. There were two teachers from the day-care center who could testify about the child. Petitioner's present wife was involved with various activities. The child had friends in the neighborhood, and the parents of the friends had observed petitioner with the child. The child's cousin lived a few miles away. Petitioner had an adult daughter and son in Wisconsin who saw the child when they visited. The child had seen the court-appointed psychiatrist twice, and the third visit was scheduled soon. Petitioner had seen the psychiatrist at least six times. His present wife had a townhome in Minnesota, and he went there every two or three months. The child also had visited there.

Respondent testified at the hearing that she was born in Minnesota and that she resided in Minnesota her entire life prior to her marriage. She did not reside in Minnesota from March 1988 to September 1991. The child lived in Minnesota from 1986 until March 1988 and moved back to Minnesota with her in the fall of 1991. In the past year, the child spent the two-week Christmas holiday, the one-week Easter holiday, and the summer vacation with petitioner in Illinois.

The child was diagnosed with attention deficit hyperactive disorder (ADHD) and with developmental delays. Respondent intended to call to testify each of the 25 witnesses referenced in her motion to concede jurisdiction. She testified about the contacts and knowledge of the following potential witnesses, who were located in Minnesota: the director of the day-care center where the child attended from 1991 until 1994; the assistant director at that day-care center; the principal of the child's kindergarten school, who worked with respondent on the child's ADHD; the child's kindergarten teacher; the principal of the elementary school where the child attended first grade and with whom respondent had had several consultations concerning the child's behavior; a social worker at the elementary school, who met for a period during first grade with the child once a week or once every other week; the child's first-grade teacher; the principal of the child's second-grade school, with whom respondent discussed the child's ADHD and who headed up a task force of professionals at the school to help the child's developmental delays; the social worker when the child was in second grade; the child's

psychologist, who had been treating the child since the fall of 1994; a tutor who began working with the child in February 1995 and assessed the child's developmental delays; the child's pediatrician; respondent's father, who saw the child at least every other week; respondent's mother; respondent's grandmother; respondent's five brothers and sisters and their spouses; the child's cousins; respondent's fiancé; the assistant director at the day-care center from 1991 to 1993 who babysat the child twice in 1995 for one-week periods; and teachers at a YMCA before-and-after-school program that the child attended in 1994 and 1995.

On July 18, 1995, the court granted the motion to concede jurisdiction, finding the following. The Minnesota evidence was far more significant than the Illinois evidence in the case. The case could not be decided properly without extensive Minnesota evidence. Aside from the agreement of the parties that Illinois would be the forum state, and aside from the application of *In re Marriage of Hilliard,* 178 Ill. App. 3d 620, 533 N.E.2d 543 (1989), the agreement of the parties on the forum should not be allowed to govern the choice of forum in a custody contest when the court is significantly handicapped in making the proper decision and in determining the best interest of the child.

Petitioner filed a notice of appeal.

## ANALYSIS

■ Respondent has moved to dismiss the appeal because petitioner failed in his appellate brief to provide a jurisdictional statement, a table of contents to the record that contained dates of filing or entry, and a complete record. We deny the motion because we are able to decide the issues presented. See *Luttrell v. Panozzo,* 252 Ill. App. 3d 597, 600, 625 N.E.2d 695 (1993) (failure to provide a jurisdictional statement is not fatal because not a necessary component of jurisdiction); *Dubey v. Abam Building Corp.,* 266 Ill. App. 3d 44, 46, 639 N.E.2d 215 (1994) (incomplete record does not preclude reviewing court from determining whether trial court's findings or rulings are correct where that determination can be made from incomplete record presented).

Petitioner argues on appeal that the trial court erred in conceding jurisdiction because the parties had agreed in their marital settlement agreement that post-decree proceedings would be filed in Illinois. Petitioner relies on (1) the provision that permitted the parties to file petitions to modify residency or visitation in accordance with the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/101 *et seq.* (West 1994)); and (2) the provision that the agreement would be construed under Illinois law.

■ A forum-selection clause is *prima facie* valid and should be enforced unless enforcement would contravene a strong policy of the state. *English Co. v. Northwest Envirocon, Inc.*, 278 Ill. App. 3d 406, 410, 663 N.E.2d 448 (1996). Good policy dictates that true forum-selection clauses should be clear and specific. *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill. App. 3d 175, 180, 662 N.E.2d 467 (1996). A choice-of-law provision is distinct from a forum-selection provision. *Maher & Associates, Inc. v. Quality Cabinets*, 267 Ill. App. 3d 69, 76, 640 N.E.2d 1000 (1994).

We find that neither of the provisions relied upon by petitioner constitutes a forum-selection clause. The agreement did not state that the parties would file all post-decree proceedings in Illinois only. The trial court erred in finding that the parties made an agreement as to choice of forum. The provision that the agreement would be construed under Illinois law was rather a choice-of-law provision. The provision referencing the Illinois Marriage and Dissolution of Marriage Act did not prohibit one of the parties from requesting that the court concede jurisdiction. See *Whirlpool*, 278 Ill. App. 3d at 180 (fact that provision required party to accept Illinois law as the law of the case did not mean the party was foreclosed from claiming the forum was inconvenient). Paragraph 2.17 contemplated that custody proceedings might be conducted in another state, and it is noted in the judgment that the respondent was permitted to move to another state.

Petitioner next argues that the trial court abused its discretion in conceding jurisdiction because the trial court had appointed an expert in Illinois to perform a psychiatric evaluation of the parties' child, because Illinois-resident petitioner had joint custody, and because there was substantial evidence in Illinois.

■ Section 8(a) of the Uniform Child Custody Jurisdiction Act provides:

> "A court which has jurisdiction under this Act to make an initial or modification judgment may decline to exercise its jurisdiction any time before making a judgment if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum." 750 ILCS 35/8(a) (West 1994).

Section 8(c) of the same act provides factors for the trial court to consider in determining if another state should assume jurisdiction:

> "1. if another state is or recently was the child's home state;
> 2. if another state has a closer connection with the child and his family or with the child and one or more of the contestants;
> 3. if substantial evidence concerning the child's present or future

care, protection, training, and personal relationships is more readily available in another state;

4. if the parties have agreed on another forum which is no less appropriate; and

5. if the exercise of jurisdiction by a court of this State would contravene any of the purposes stated in Section 2 of this Act." 750 ILCS 35/8(c) (West 1994).

"Home state" is defined in the Act to mean:

"the state in which the child immediately preceding the time involved lived with his parents, a parent, or a person acting as parent, for at least 6 consecutive months, and in the case of a child less than 6 months old the state in which the child lived from birth with any of the persons mentioned, however, periods of temporary absence of any of the named persons are counted as part of the 6-month or other period." 750 ILCS 35/3.04 (West 1994).

The standard of review where a court has conceded jurisdiction is abuse of discretion. *In re Marriage of Doehner*, 215 Ill. App. 3d 570, 572, 574 N.E.2d 1380 (1991).

■ We do not find that the trial court abused its discretion in conceding jurisdiction to Minnesota. Although the parties had joint custody of the child and petitioner lived in Illinois, Minnesota was the child's home state, Minnesota had a closer connection with the child and with respondent than did Illinois, and there was substantial evidence in Minnesota. Although respondent had litigated in Illinois some post-decree motions, Minnesota was a more appropriate forum to litigate a change in child custody. The bases argued in petitioner's motion to change custody related to the behavior of the child or of respondent. Although the child lived part of the time with petitioner, there was greater evidence concerning the child's behavioral problem in Minnesota, where he attended school, than in Illinois. The most substantial witness that petitioner has is himself, and he can testify in a Minnesota proceeding concerning the child's future care. Another expert could be appointed by a Minnesota court to examine the child, or Dr. Robert E. Bussell may be allowed to complete his examinations and render a written report.

The judgment of the trial court is affirmed.

Affirmed.

WOLFSON, P.J., and McNAMARA, J., concur.