Stella LOGAN, Christopher Logan and Christopher K. Logan, by his mother and next friend, Stella Logan, Plaintiffs,

v.

ASSOCIATED INTERNATIONAL INSURANCE CO., Defendant.

No. 00 C 5307.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 6, 2001.

James M. Roche, Mulherin, Rehfeldt & Varchetto, P.C., Christopher Thomas Theisen, Rainone & Theisen, P.C., James M. Roche, Braud, Westensee & Vanderginst, Ltd., Wheaton, IL, for Plaintiffs.

Tyler Jay Lory, Jennifer Anne Charlemagne Manning, Clausen Miller P.C., Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Stella N. Logan, Christopher Logan, and Christopher K. Logan, a minor, citizens of Illinois, filed a diversity lawsuit on August 2, 2000, in the Circuit Court of Cook County, Illinois, against defendant Associated International Insurance Company ("AIIC") in connection with AIIC's refusal to pay the Logans' claims for injuries they sustained in a car accident.

The Logans had a car accident in Chicago, Illinois, in June of 1999. Stella Logan was driving a car owned by her employer, the Chicago Housing Authority ("CHA"). AIIC had issued employee automobile insurance to the CHA and, at the time of the accident, the Logans were covered by that policy because Mrs. Logan was working. The other driver's insurance could not cover the Logans' expenses. AIIC refused to pay the Logans' underinsurance claim.

AIIC removed the Logans' case to federal court. The parties disagree about whether a "service of suit" clause in the insurance policy waives AIIC's right to remove the case to federal court. The parties also disagree as to whether diversity of citizenship exists. The Logans ask me to remand the case back to the state court.

■ I have subject matter jurisdiction here under the diversity statute. 28 U.S.C. § 1332(a). The Logans argue that their suit falls under an exception to diversity jurisdiction. They argue that the present case is a direct action within the meaning of 28 U.S.C. § 1332(c) which states:

> In any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen.

28 U.S.C. § 1332(c). This would destroy diversity of citizenship because it is not disputed that the Logans are citizens of Illinois.

The Logans' case is not a direct action, however. Section 1332(c)(1) applies to cases where someone who suffers injuries

for which someone else is responsible may sue the responsible party's liability insurer without either joining the insured or first obtaining a judgment against the insured. *Searles v. Cincinnati Insurance Co.,* 998 F.2d 728, 729 (9th Cir.1993). In other words, "unless the cause of action urged against the insurance company is of such nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Id.*

This case, in contrast, is a straight up breach of contract action. The Logans *are* the insured; there is no one but the insurer on whom liability could be imposed.

■ Although I have jurisdiction in this case, I remand it to the state court on the merits. The decision whether to remand turns on whether a particular clause in the insurance contract waives AIIC's right to remove a case to federal court:

> It is agreed that in the event of the failure of the Insurers to pay any amount claimed to be due hereunder, the Insurers, *at the request of the Insured* (or Reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply will all requirements necessary to give such Court jurisdiction ...

(emphasis added). The key words in the clause are "at the request of the insured." I interpret this clause according to its plain meaning. *See Archdiocese of Milwaukee v. Underwriters at Lloyd's, London,* 955 F.Supp. 1066, 1068 (E.D.Wis. 1997). The clause is a forum selection clause. The key words in the clause plainly mean that the insurers will submit to the jurisdiction of the insured's choosing. If it were construed otherwise, the clause would be rendered meaningless. *See Archdiocese,* 955 F.Supp. at 1068 (discouraging rendering contract clauses meaningless).

■ Forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. *M/S Bremen v. Zapata Off–Shore Company,* 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *see also Northwestern Nat'l Ins. Co. v. Donovan,* 916 F.2d 372, 375 (7th Cir.1990). In *Zapata,* the Court conceded that a forum clause might be "unreasonable and unenforceable if the chosen forum is seriously inconvenient for the trial of the action." *Id.* at 16, 92 S.Ct. 1907. The party that challenges the clause must "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Id.* at 15, 92 S.Ct. 1907. AIIC does not argue this.

AIIC does argue that the clause in the insurance contract is not binding. It supports its argument with cases where supposedly similar clauses were found not to be enforceable. However, the cases are distinguishable. *See Whirlpool Corp. v. Certain Underwriters at Lloyd's London,* 278 Ill.App.3d 175, 214 Ill.Dec. 901, 662 N.E.2d 467, 469 (1996) (defendants there invoked *forum non conveniens* ); *Ashland Partnership III v. Pacific Ins. Co.,* No. 99–C1498, 2000 Westlaw 1671501 (N.D.Ill., Nov. 3, 2000) (clause specifically reserved the "right to remove").

Therefore, the Logans' petition to remand to the Circuit Court of Cook County is GRANTED.