In the

# United States Court of Appeals

### For the Seventh Circuit

No. 16-1073

PINE TOP RECEIVABLES OF ILLINOIS, LLC,

*Plaintiff-Appellee,*

*v.*

TRANSFERCOM, LTD.,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 1:15-cv-08908 — **Amy J. St. Eve**, *Judge.*

ARGUED MAY 31, 2016 — DECIDED SEPTEMBER 1, 2016

Before EASTERBROOK and WILLIAMS, *Circuit Judges* and
YANDLE, *District Judge.** 

YANDLE, *District Judge.* Pine Top Receivables of Illinois,
LLC's ("PTRIL") sued Transfercom Limited ("Transfercom")
in state court. Transfercom removed the case on diversity
grounds. On PTRIL's motion, the district court remanded

---

* Of the Southern District of Illinois, sitting by designation.

the matter based on its determination that, due to the service of suit clause in reinsurance treaties between the parties, Transfercom waived the right of removal.

## I.

Following the liquidation of Pine Top Insurance Company, some of its accounts receivable were assigned to PTRIL, a limited liability company incorporated in Delaware with its principal place of business in New York. Transfercom, an insurance company incorporated in the United Kingdom, assumed certain obligations of Nissan Fire and Marine Insurance Company (UK) Limited ("Nissan"), an insurance company organized under the laws of Japan which transacted business in the United States. Among the obligations assumed by Transfercom were those owed by Nissan to Pine Top Insurance Company before liquidation.

PTRIL filed suit in state court alleging breach of contract against Transfercom and seeking recovery of the receivables under two reinsurance treaties entered into by and between Transfercom's predecessor and Pine Top in 1981 and 1982. Transfercom removed the litigation to federal court and PTRIL filed a motion to remand contending that Transfercom had waived its right to remove the case in the reinsurance treaties.

The reinsurance treaties are essentially identical and each contains a service of suit clause which provides, in relevant part:

> It is agreed that in the event of the failure of the Reinsurer hereon to pay any amount claimed to be due hereunder, the Reinsurer hereon, at the request of the Company, will submit to the

> jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

In remanding the case to state court, the district court found that, based on the plain and ordinary meaning of the service of suit clause, PTRIL reserved the exclusive authority to select both the jurisdiction and venue, and Transfercom waived its right to remove the case to federal court.

## II.

28 U.S.C. § 1441(a) provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." While the right of removal is a statutory right, it is a right that can be waived. One such mechanism for waiving the right of removal is through a forum selection clause. As early as 1949, the overwhelming majority of federal courts have held that service of suits clauses—such as the one at issue in this case—foreclose a defendant's right of removal. *See General Phoenix Corp. v. Malyon*, 88 F.Supp. 502, 503 (S.D.N.Y. 1949); *see also The Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1487–90 (2d Cir. 1993); *Foster v. Chesapeake Ins. Co.* 933 F.2d 1207, 1216–19 (3d Cir. 1991), *cert. denied*, 502 U.S. 908, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991); *City of Rose City v. Nutmeg Ins. Co.*, 931 F.2d 13 (5th Cir. 1991); *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, et al.*, 119 F.3d 619, 622–23 (8th Cir. 1997); *Russell*

*Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1047 (11th Cir. 2001).

Transfercom argues that a waiver of the statutory right of removal must be "clear and unequivocal" and that, notwithstanding the district court's finding that the language of the service of suit clause at issue is clear and unequivocal, the existence of an arbitration clause in the reinsurance treaties renders the clause ambiguous and unenforceable. The arbitration clause states: "As a condition precedent to any right of action hereunder, any irreconcilable dispute between the parties to this Agreement will be submitted for decision to a board of arbitration." This language in no way muddies the water with respect to the meaning of the service of suit clause.

On appeal, Transfercom urges us to adopt a heightened "clear and unequivocal" interpretation standard which has been applied when the removing party's actions in participating in state court proceedings prior to removal were interpreted as a waiver of the right to remove. *See Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 n. 15 (3d Cir. 1991); *see also Snapper, Inc. v. Redan*, 171 F.3d 1249, 1260–61 (11th Cir. 1999). Such litigation-based waivers are distinguishable from contractual waivers and, like the Third Circuit in *Foster*, we decline to apply a "standard so stringent as to be contrary to the right of parties to contract in advance regarding where they will litigate." *Foster*, 933 F.2d at 1217 n. 15. When called upon to interpret a contractual waiver of the right to remove, district courts should utilize the same standards of interpretation and construction they employ in resolving all preliminary contractual questions. *See id*.

Read as a whole, the reinsurance agreement requires Transfercom to submit to the jurisdiction of any court of competent jurisdiction chosen by PTRIL, whether it be to determine the arbitrable nature of the dispute, to confirm an arbitration award, to compel arbitration, or to resolve on the merits, a claim not subject to arbitration—including PTRIL's breach of contract claim. *See e.g.*, *Travelers Ins. Co. v. Keeling*, 996 F.2d 1485, 1490 (2d Cir. 1993); *Century Indem. Co. v. Certain Underwriters at Lloyd's, London, subscribing to Retrocessional Agreement Nos. 950548, 950549, 950646*, 584 F.3d 513, 554 (3d Cir. 2009) (service of suit clauses compliment rather than negate accompanying arbitration clauses).

### III.

Lastly, relying on an Illinois Appellate Court decision, *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill. App. 3d 175, 214 Ill. Dec. 901, 662 N.E.2d 467 (1996), Transfercom contends that its right to remove this litigation is not waivable. But *Whirlpool* addresses the issue of *forum non conveniens*, not removal. This distinction is significant—remand involves a purely private interest, while *forum non conveniens* involves a public interest. *See Archdiocese of Milwaukee v. Underwriters at Lloyd's, London*, 955 F. Supp. 1066, 1069 (E.D. Wis. 1997) (noting that the defendants' right to remove a case is their right alone which can be waived, exercised, or bargained away while *forum non conveniens* is based on the interests of both the parties and the public and, therefore, the court must still weigh the public interest involved). As such, Transfercom's reliance on *Whirlpool* is misplaced.

**IV.**

Here, the service of suit clause unambiguously grants PTRIL the absolute right to choose the forum for litigating this matter and the district court properly concluded that to allow removal would be to ignore the contractual term's plain and ordinary meaning. Accordingly, we AFFIRM.