SYLVIA STEIN, Plaintiff-Appellee, v. VOLKSWAGEN OF AMERICA, INC., Defendant-Appellant.

First District (4th Division) No. 84—2440

Opinion filed July 25, 1985.—Rehearing denied August 28, 1985.

James K. Toohey and David C. Bohrer, both of Ross & Hardies, of Chicago, for appellant.

Julian J. Frazin, of Berger, Newmark & Fenchel, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Sylvia Stein, brought this action against defendant, Volkswagen of America, Inc., for injuries she sustained in a single vehicle accident in Miami Beach, Florida. On September 11, 1984, the trial court denied defendant's motion to dismiss plaintiff's action on the basis of *forum non conveniens*. Volkswagen now appeals the trial court's decision.

The record shows that plaintiff was involved in an accident in Miami Beach, Florida, and was taken to a Miami Beach hospital. She received most of her medical treatment from doctors located in or near Miami Beach, except for treatment received from Dr. Svtoslav Tosic, her son-in-law, who practices and resides in San Diego, California. All witnesses to the accident are Florida residents.

Plaintiff is domiciled in Florida and in Illinois. She is a life-long resident of Illinois and has maintained a residence in Florida for the past 14 years. She and her husband own an apartment in Florida. For the past eight years, plaintiff has lived in Florida for at least five months out of each year. Defendant, the importer of the subject vehicle, is a New Jersey corporation and does business in Illinois and in Florida and has registered agents for service in both States.

Defendant argues that the trial court abused its discretion by denying its motion to dismiss on *forum non conveniens* grounds. Volkswagen argues that the balance of factors overwhelmingly favors having the trial in Florida. We agree with defendant.

We reverse and remand, with directions.

OPINION

■■ The fundamental premise of the *forum non conveniens* doctrine is that of convenience: convenience of the parties, convenience of the witnesses, convenience of the court and jurors, and convenience of the taxpayer who bears the expense of maintaining the judicial system. (*Lowe v. Norfolk & Western Ry. Co.* (1984), 124 Ill. App. 3d 80, 86, 463 N.E.2d 792, 798.) *Forum non conveniens* presupposes there is an alternate forum available. A dismissal would be improper where

there is no other forum or where the statute of limitation has run in the alternate forum and the moving party will not agree to waive the statute. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76, 457 N.E.2d 417, 418.) We note that in this case defendant is amenable to process in Florida.

Under the doctrine, the trial court may decline to exercise jurisdiction whenever, after balancing all factors essential to the trial of a particular case, it appears that it may be more conveniently tried in another forum. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 76.) However, the plaintiff's right to select the forum is a substantial one and should not be disturbed unless the balance of factors strongly favors the defendant. *Wieser v. Missouri Pacific R.R. Co.* (1983), 98 Ill. 2d 359, 366, 456 N.E.2d 98, 101.

■ *Forum non conveniens* is primarily a decision of the trial court and that ruling should not be disturbed absent an abuse of discretion. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 77, 457 N.E.2d 417, 419.) Each case must be considered as unique on its facts. In order to determine whether the trial court abused its discretion, Illinois courts look to the factors delineated in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843. *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 228.

The court in *Gulf Oil Corp. v. Gilbert* directs the courts to consider various aspects of the private and public interest involved. (*Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508-09, 91 L. Ed. 1055, 1062-63, 67 S. Ct. 839, 843.) The private interests involved are: the relative ease of access to sources of proof, availability of compulsory process for attendance of the unwilling, the cost of obtaining attendance of willing witnesses, possibility of view of premises, if view would be appropriate to the action, and all other practical problems that make trial of a case easy, expeditious and inexpensive. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 229.) The public interest factors noted in *Gulf Oil Corp. v. Gilbert* include administrative difficulties caused by concentrating litigation in congested centers, the imposition of jury duty on the citizens of a community unrelated to the litigation, difficulties in providing information to all interested persons when a case is tried far from those who are interested, local interest in local controversies, and the difficulties caused when a court must untangle problems in conflict of laws and in law foreign to itself. *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 231.

■ In reviewing the private interest factors, we find that they

weigh heavily in favor of defendant's motion to dismiss. Illinois is not Volkswagen's principal place of business nor is it the situs of plaintiff's employment. The accident occurred in Florida and the conduct that allegedly gave rise to the injuries occurred outside of Illinois. Nearly all of the potential witnesses are full-time Florida residents. Plaintiff and husband are part-time Florida residents. Plaintiff's son-in-law is a resident of California. The witnesses in Florida and California are not subject to the subpoena power of the courts of Illinois. Moreover, the cost of transporting the willing witnesses 1,100 to 2,000 miles for purposes of testifying in Cook County is prohibitive. Lastly, having the trial in Florida will not inconvenience plaintiff since she spends at least five months per year at her Florida home.

■■ Similarly, the public interest factors weigh heavily in favor of having the trial in Florida. The docket of the circuit court of Cook County is still crowded to the point where congestion is of great concern. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 231.) This continuing glut of cases in Cook County is a factor that must be considered before burdening Cook County with additional nonresident litigation. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 81, 457 N.E.2d 417, 421.) Moreover, this will be a jury trial, which is an expense to Illinois taxpayers who should not be obligated to pay for litigation that is unrelated to Illinois. *Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 232.

■■ Florida law applies in this case. The Illinois courts' lack of familiarity with Florida law suggests that they should not be burdened with doing so unless there are strong policy reasons and unless Illinois has strong connections to the case. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 232.) Here, Illinois has no policy interest in the case and only minimum connections to the case.

■■ Plaintiff next contends that because she is a resident of Illinois the trial court did not abuse its discretion in dismissing defendant's motion. Plaintiff is only a part-time resident of Illinois. The mere fact that a plaintiff is a part-time resident is insufficient to warrant denial of a *forum non conveniens* motion. (*Moore v. Chicago & North Western Transportation Co.* (1983), 99 Ill. 2d 73, 78-79, 457 N.E.2d 417, 419-20.) In *Moore*, the court held that the trial court abused its discretion in denying a *forum non conveniens* motion to dismiss a wrongful death claim brought by an administrator who was an Illinois resident. Rather than terminate the *forum non conveniens* inquiry at the point where plaintiff asserted his status as an Illinois resident, the court continued to examine the significance of residency

132

in that particular case. It found that the plaintiff's extensive ties to the alternative forum reduced the significance of his residence in Illinois. Similarly, plaintiff's extensive ties to Florida reduce the significance of her residency in Illinois.

■ Lastly, plaintiff argues that a plaintiff's choice of forum is a substantial right and her choice of Illinois as a forum should not be disturbed. Ordinarily, the plaintiff is given the choice of any forum in which there is jurisdiction, and the plaintiff's choice will not be disturbed unless the balance of factors strongly favors the defendant who is moving to dismiss on *forum non conveniens* grounds. (*Satkowiak v. Chesapeake & Ohio Ry. Co.* (1985), 106 Ill. 2d 224, 233.) In this case, the balance of relevant factors, all of which we did not discuss in detail, strongly favors defendant. Therefore, it was an abuse of discretion to deny defendant's *forum non conveniens* motion to dismiss.

For the reasons given above, we hold that the trial court abused its discretion by denying Volkswagen's motion to dismiss on *forum non conveniens* grounds. The judgment of the trial court is reversed and the cause is remanded to the trial court with directions to dismiss the complaint against Volkswagen, on the conditions that Volkswagen will accept service and will waive the defense of the statute of limitations so long as the case is filed in Florida within one year of the date of dismissal.

Reversed and remanded, with directions.

JIGANTI, P.J., and LINN, J., concur.