LORI LAMBERT, Independent Personal Representative of the Estate of Randy Lambert, Deceased, Plaintiff-Appellee, v. GOODYEAR TIRE AND RUBBER COMPANY *et al.*, Defendants-Appellants.

First District (5th Division)    No. 1—01—1877

Opinion filed June 28, 2002.

374

Williams, Montgomery & John, Ltd., of Chicago (Barry L. Kroll, Alyssa M.

Campbell, Thomas H. Neuckranz, and Jeffrey S. Taylor, of counsel), for appellant Goodyear Tire & Rubber Company.

Thomas R. Woodrow, of Holland & Knight, L.L.P., of Chicago, for appellant Bridgestone/Firestone, Inc.

Dom J. Rizzi, of Miller, Faucher & Cafferty, of Chicago, Aaron N. Woods and Randy W. James, both of Risjord & James, P.C., of Lee's Summit, Missouri, and Barry R. Conybeare, of Conybeare Law Office, P.C., of St. Joseph, Michigan, for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

Defendants, the Goodyear Tire & Rubber Company (Goodyear) and Bridgestone/Firestone, Inc. (Firestone), appeal from the trial court's denial of their joint motion to dismiss based upon *forum non conveniens*. Thus, the issue presently before us is whether the trial court abused its discretion in denying the motion to dismiss. We reverse the decision of the trial court.

The plaintiff, the decedent's widow, filed her complaint against Goodyear, Firestone, Burlington Northern and Santa Fe Railway Company, and Interstate Tire and Retread, Inc., on May 10, 1999. The complaint alleged that in the course of the decedent's employment as a truck stop mechanic, he was injured when he attempted to remove the right front outer tire of a pair of dual truck tires from a trailer in order to service the inner tire of the pair. Plaintiff claims that the flat-base, multipiece truck rim assembly on which the tire was mounted exploded, striking the decedent in the head and leg. The truck trailer from which the decedent attempted to remove the tire was maintained and operated by Burlington Northern and Santa Fe Railway Company (Burlington Northern); however, the accident occurred on the premises of the decedent's employer, Sawyer Truck Stop, in Sawyer, Michigan. The decedent died in the local hospital three days later.

The flat-base, multipiece truck rim assembly which allegedly exploded consisted of two components, a Goodyear rim base and a Firestone side/lock ring. Plaintiff asserted in her complaint that each of these components was defective and unreasonably dangerous in its design. Plaintiff further alleged that the components contained inadequate warnings and were negligently designed.

Plaintiff resides in Sawyer, Michigan, which is in Berrien County, and the probate estate of the deceased was created by the Berrien County probate court. Likewise, the decedent was a resident of Sawyer, Michigan, and was employed in Sawyer, Michigan, by Sawyer Truck Stop, where the accident occurred. All of the decedent's survivors are Berrien County residents.

The two police officers who responded to the accident are employees of Chikaming Township, which is located in Berrien County, and they reside in Michigan.

Lakeland Medical Center, the hospital where the decedent was treated, is located in St. Joseph, Michigan, which is located in Berrien County. Each of the doctors who treated the decedent practices in St. Joseph, Michigan.

Some of the decedent's coworkers at the truck stop witnessed the accident. The majority of these witnesses, including the decedent's former employers, Nick and Pat Veit, reside in Michigan.

Goodyear is an Ohio corporation with its principal place of business in Ohio and is present in Illinois by virtue of doing business in this state. The multirim assembly involved in the explosion was designed, manufactured, distributed, marketed, and sold by Goodyear. The multirim assembly was neither designed nor manufactured in Illinois.

Firestone is also an Ohio corporation and is present in Illinois by virtue of doing business in this state. The side/lock ring involved in the explosion was designed, manufactured, distributed, marketed, and sold by Firestone. The side/lock ring was manufactured in Wyandotte, Michigan.

The Burlington Northern is a Delaware corporation with its principal place of business in Illinois.

Interstate Tire and Retread, Inc. (Interstate), is an Illinois corporation doing business in Illinois. The subject tire was remanufactured, marketed, sold, and distributed by Interstate.

In addition to the foregoing facts, plaintiff alleged in her complaint that Burlington Northern was negligent in failing to properly maintain the subject trailer. More specifically, plaintiff claimed that Burlington Northern was negligent in allowing the trailer to leave its Willow Springs, Illinois, rail yard while equipped with an allegedly defective and dangerous wheel assembly.

Furthermore, on information and belief, plaintiff alleged in her complaint that either Interstate or Burlington Northern negligently assembled the wheel components with the retread tire and supplied it for use on the trailer.

Plaintiff also asserted that Burlington Northern and Interstate failed to provide adequate warnings and instructions regarding the assembly, handling, dangers, and defects inherent in the use of the flat-base, multipiece rim. Plaintiff specifically alleged that Interstate failed to provide adequate warnings and instructions regarding the assembly, handling, dangers and defects inherent in the use of its tires and the multipiece rims they require.

Based on the aforementioned factual allegations, Goodyear and Firestone assert that this action should be litigated in Michigan, while plaintiff contends that this action should remain in Cook County, Illinois. Goodyear and Firestone argue that in denying their joint motion to dismiss, the trial court improperly weighed the factors to be considered under a motion to dismiss based upon *forum nonconveniens*. We agree.

In response to Goodyear and Firestone's contention that their motion to dismiss should have been granted, plaintiff claims that Goodyear and Firestone ignore the fact that Interstate and Burlington Northern are Illinois residents and that the alleged negligent assembly of the tire and wheel component parts was performed in Illinois. Plaintiff claims that the practical connection between the case at bar and Illinois is further evidenced by the fact that Interstate allegedly delivered the defective tire to Illinois; the truck trailer in question drove on Illinois roads and highways; and Burlington Northern acted negligently in failing to properly maintain the component parts and retread tire when it allowed the trailer to leave the Willow Springs, Illinois, rail yard.

■ The question before us is whether the trial court's denial of Goodyear and Firestone's motion to dismiss based on *forum non conveniens* was an abuse of discretion. *Vinson v. Allstate*, 144 Ill. 2d 306, 309 (1991). "A trial court's ruling will not be reversed on review unless it can be shown that the court abused its discretion in balancing the relevant factors." *Vinson*, 144 Ill. 2d at 309-10, citing *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 118 (1986), and *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 106 (1990).

■ *Forum non conveniens* is a common law doctrine aimed at achieving effective judicial administration through the implementation of considerations of fundamental fairness. *Vinson*, 144 Ill. 2d at 310. Pursuant to the doctrine of *forum non conveniens*, a court "may decline to exercise jurisdiction over a case properly before it, whenever it appears that there is another forum that can better serve the convenience of the litigants and promote the ends of justice." *Horn v. Rincker*, 84 Ill. 2d 139, 149 (1981).

■ In Illinois, the doctrine of *forum non conveniens* has two potential applications: interstate *forum non conveniens* and intrastate *forum non conveniens*. "The interstate branch of the doctrine is the traditional doctrine as adopted in 1948." 3 R. Michael, Illinois Practice § 14.1 (1989); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 91 L. Ed. 1055, 67 S. Ct. 839 (1947); *Whitney v. Madden*, 400 Ill. 185 (1948). When addressing the issue of interstate *forum non conveniens*, the focus of the

question is whether Illinois is an appropriate state in which to litigate the controversy. When the issue of intrastate *forum non conveniens* arises, the focus of the question is whether the case is being litigated in the most convenient county. 3 R. Michael, Illinois Practice § 14.1 (1989).

In 1983, in the case of *Torres v. Walsh*, 98 Ill. 2d 338 (1983), the Illinois Supreme Court stated that the same considerations of convenience and fairness routinely applied in deciding the issue of forum for a dismissal motion based on interstate *forum non conveniens* apply equally in deciding a dismissal motion based on intrastate *forum non conveniens*. The case at bar raises the issue of interstate *forum non conveniens*: whether Illinois is an appropriate state in which to litigate this controversy. Due to the supreme court's holding in *Torres*, case law addressing intrastate *forum non conveniens* is equally applicable to the case at bar as case law addressing interstate *forum non conveniens*.

■ Nearly every Illinois court that has addressed the issue of *forum non conveniens* since its inception, whether it be interstate *forum non conveniens* or intrastate *forum non conveniens*, has discussed a list of factors to be considered in determining whether the venue is proper. These factors fall into one of two categories; they are either private interest factors or public interest factors. The trial courts and reviewing courts of this state have repeatedly weighed the private interests of the litigant against the public factors and, in doing so, have had the blessing of the Illinois Supreme Court. See *Washington v. Illinois Power Co.*, 144 Ill. 2d 395, 399 (1991) (the Illinois Supreme Court expressly stated that a dismissal motion based on *forum non conveniens* should be determined by weighing the private interests at stake in litigating in one forum against the competing public interests). In 1994, the Illinois Supreme Court held that these factors are no longer to be weighed against one another; rather, the doctrine of *forum non conveniens* is to be regarded as a flexible doctrine requiring "evaluation of the total circumstances rather than concentration on any single factor." *Peile v. Skelgas*, 163 Ill. 2d 323, 336-37 (1994).

In *First American Bank v. Guerine*, 198 Ill. 2d 511, 518 (2002), the Illinois Supreme Court's first full decision addressing the doctrine of *forum non conveniens* in seven years, the supreme court clearly stated that, rather than weigh the private interests of a litigant against the public interest factors, a determination of whether a case should be dismissed requires that the trial court "evaluate the total circumstances of the case" in an effort to determine whether the defendant has proven that the balance of factors strongly favors transfer. See *Peile*, 163 Ill. 2d at 336-37; see *Bland v. Norfolk & Western Ry. Co.*,

116 Ill. 2d 217, 227 (1987) (" '[i]f central emphasis were placed on any one factor, the *forum non conveniens* doctrine would lose much of the very flexibility that makes it so valuable' "), quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50, 70 L. Ed. 2d 419, 432, 102 S. Ct. 252, 263 (1981). In light of the supreme court's holding in *Guerine*, we hold that when deciding a motion based on *forum non conveniens*, the trial court should apply a totality of the circumstances approach rather than weigh the individual private interest and public interest factors against one another.

▮ In *Guerine*, 198 Ill. 2d at 516, the supreme court held that the factors to be considered when examining the private interests of the parties include:

"(1) [T]he convenience of the parties; (2) the relative ease of access to sources of testimonial, documentary, and real evidence; and (3) all other practical problems that make trial of a case easy, expeditious, and inexpensive—for example, the availability of compulsory process to secure attendance of unwilling witnesses, the cost to obtain attendance of willing witnesses, and the ability to view the premises (if appropriate). See *Griffith v. Mitsubishi Aircraft International, Inc.*, 136 Ill. 2d 101, 105-06 (1990); *Bland v. Norfolk & Western Ry. Co.*, 116 Ill. 2d 217, 224 (1987); see also *Adkins [v. Chicago, Rock Island & Pacific R.R. Co.]*, 54 Ill. 2d [511,] 514 [(1973)] (these factors also may include the relative capacities of the two forums to provide a fair trial)."

The *Guerine* court then went on to hold that the factors to be considered when examining the public interests of the parties include:

"(1) [T]he interest in deciding localized controversies locally; (2) the unfairness of imposing the expense of a trial and the burden of jury duty on residents of a county with little connection to the litigation; and (3) the administrative difficulties presented by adding further litigation to court dockets in already congested fora. See *Griffith*, 136 Ill. 2d at 106." *Guerine*, 198 Ill. 2d at 516-17.

In regard to the congestion of a court's docket, the supreme court specifically stated that "congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly." *Guerine*, 198 Ill. 2d at 517; see *Brummett v. Wepfer Marine, Inc.*, 111 Ill. 2d 495, 503 (1986).

In light of the supreme court's holding in *Guerine*, we find that no single private interest or public interest factor carries greater weight than another factor, with the exception of the congestion of a court's docket. Under *Guerine*, we hold that it is improper for a court to find that one factor, such as location of the accident, is more significant than a competing factor, such as the location of the witnesses. *Guerine* tells us that the proper approach in determining a motion based on

*forum non conveniens* requires us to take all of the factors into consideration and decide which forum, overall, is the better choice of venue. Thus, a movant on a *forum non conveniens* motion can no longer necessarily expect to succeed merely where the majority of the factors fall in favor of the party defending the current forum. An approach based on the totality of the circumstances must be followed because it is the only way we can remain true to the flexible nature of this doctrine.

■ It is well settled that the plaintiff's initial choice of forum will prevail, provided venue is proper and the factors highlighting any inconveniences, as a whole, do not greatly outweigh the plaintiff's right to try the case in the chosen forum. *Guerine*, 198 Ill. 2d at 517. If, however, the defendant shows that the litigation has no practical connection to the forum, the motion to dismiss based on *forum non conveniens* should be granted. *Guerine*, 198 Ill. 2d at 517.

In *Peile*, 163 Ill. 2d at 337-38, the Illinois Supreme Court decision immediately preceding *Guerine*, the court stated:

> "[T]hat plaintiff's choice of forum is entitled to less deference where the situs of the injury is not located in the chosen forum [citation] and the plaintiff is not a resident of the chosen forum [citations]."

See *Guerine*, 198 Ill. 2d at 517.

Furthermore, in *Peile*, the supreme court observed that the trial court "found that St. Clair County had 'a substantial interest' in the case because acts of alleged negligence occurred in that county." *Peile*, 163 Ill. 2d at 339-40. The supreme court went on to observe that the appellate court also paid special attention to the fact that several of the plaintiff's claims centered around the defendants' alleged negligence occurring at the storage and odorization facility in St. Clair County. *Peile*, 163 Ill. 2d at 340.

The *Peile* court held that the fact that the alleged negligence might have occurred in St. Clair County (the plaintiff's choice of forum), even when viewed in conjunction with the need for the jury to view the storage and odorization facility and the congestion of the trial court's docket, was not a sufficient reason for the trial court to deny the defendant's motion to transfer the lawsuit from St. Clair County to Pike County. *Peile*, 163 Ill. 2d at 344. The supreme court held that the totality of the circumstances strongly favored transferring the case back to Pike County. *Peile*, 163 Ill. 2d at 344. The *Peile* court based its decision "on such traditional convenience factors" as the ease of access to the sources of proof, the substantial distance that the Pike County witnesses would be required to travel if the trial was conducted in St. Clair County, the interest of Pike County in having the

controversy decided locally, the plaintiffs resided in Pike County, the accident occurred in Pike County, and, lastly, "the lack of significant connection of St. Clair County to the litigation." *Peile*, 163 Ill. 2d at 343.

In addition to holding that a plaintiff's choice of forum cannot be centered around allegations of where the negligence might have occurred, the Illinois Supreme Court has held that a plaintiff cannot successfully refute a *forum non conveniens* motion by arguing that the selected forum is the proper forum merely because the defendant does business in that state. In *Vinson*, 144 Ill. 2d at 311, the supreme court stated:

> "Because it is assumed on a *forum non conveniens* motion that the court has jurisdiction over the defendant, the fact that Allstate conducts business within the county is not the only factor the court should consider in its analysis. 'A *forum non conveniens* motion *** causes a court to *look beyond the criterion of venue* when it considers the relative convenience of a forum.' (Emphasis added.) [Citation.]" (Emphasis added.)

"[I]t is assumed on a *forum non conveniens* motion that the court has jurisdiction over the defendant"; therefore, the *Vinson* court held that the trial court abused its discretion when it weighed the fact that the defendant does business in Alexander County in conjunction with the other *relevant* private and public interest factors. *Vinson*, 144 Ill. 2d at 311-12.

█ Mindful of the foregoing guidelines for determining whether a motion to dismiss based on *forum non conveniens* should be granted, we will now determine whether the trial court properly denied the motion to dismiss at bar by examining the private interest and public interest factors that are relevant to the case at bar. Initially, we find that the plaintiff's choice of forum in the case at bar, that being Illinois, is entitled to less deference because the accident did not occur in Illinois and plaintiff is not a resident of Illinois.

The first private interest factor to be considered is the convenience of the parties. Since plaintiff chose Illinois as the forum, we assume that the chosen forum is convenient for plaintiff. As for Goodyear and Firestone, they both claim that Michigan is a more convenient location.

Next, we consider the relative ease of access to sources of testimonial, documentary, and real evidence. Plaintiff and Goodyear and Firestone dispute whether it is more convenient for the witnesses to testify in Illinois or Michigan. While plaintiff has obtained the affidavits of several witnesses who state that they do not mind traveling to Illinois, Firestone calls to our attention that of the 13 affidavits of-

fered by plaintiff, one affidavit is of plaintiff herself. An additional affidavit is from a witness who resides neither in Illinois nor in Michigan. Also included in the 13 affidavits are several affidavits by the decedent's family members and one from a private investigator hired by plaintiff. In an effort to undermine the credibility of these affidavits, Firestone specifically names 14 witnesses who reside in Michigan and whose affidavits have not been offered.

In consideration of the public interest factors, we first examine whether Michigan has an interest in deciding this action. Due to the fact that the accident occurred in Michigan, the decedent resided in Michigan, the plaintiff resides in Michigan, and the decedent's place of employment is in Michigan, we find that the State of Michigan has an interest in deciding this matter locally. We recognize that Illinois has an interest in this litigation since the truck trailer in question was traveling on Illinois roads and highways; however, it is clear from the facts at bar that Michigan possesses a far greater interest than Illinois.

Although congestion of a court's docket is a factor that carries very little weight, we do note that the Cook County court dockets are more highly congested than those of Berrien County, Michigan.

A simple evaluation of the total circumstances results in Goodyear and Firestone proving that the balance of the factors strongly favors dismissal. While Illinois has a slight interest in this lawsuit, we hold that the balance of the factors strongly favors dismissal. Moreover, when we apply the facts at hand to not only the private interest and public interest factors, but to the other well-established rules of law governing the doctrine of *forum non conveniens* that we discussed earlier, we find that the trial court abused its discretion in denying Goodyear and Firestone's motion to dismiss.

Plaintiff claims that for two additional reasons beyond the private interest and public interest factors, this case bears a practical connection to Illinois. First, plaintiff claims that this case bears a practical connection to Illinois because Interstate is an Illinois corporation doing business in Illinois and Burlington Northern's principal place of business is in Illinois. As previously held by the Illinois Supreme Court, the selected forum does not constitute the proper forum merely because the defendant does business there. *Vinson*, 144 Ill. 2d at 311-12. In consideration of this holding, we find it irrelevant that Interstate does business in Illinois and Burlington Northern's principal office is in Illinois.

Second, plaintiff claims that Illinois is the proper forum because the alleged negligence of Interstate and Burlington Northern occurred in Illinois. In a single paragraph of her complaint, plaintiff asserts, on

information and belief, that the alleged negligent acts and omissions of Interstate and Burlington Northern occurred in Illinois. As held by the Illinois Supreme Court in *Peile*, the fact that the alleged negligence might have occurred in the selected forum is not a sufficient reason for the trial court to keep the lawsuit in that forum. *Peile*, 163 Ill. 2d at 344. We find the *Peile* holding to be directly on point with the case at bar and, therefore, find it of no consequence that the alleged negligence of Interstate and Burlington Northern might have occurred in Illinois.

For the foregoing reasons, we find that the trial court abused its discretion when it denied Goodyear and Firestone's joint motion to dismiss based on *forum non conveniens*. The judgment of the trial court is reversed and the cause is remanded to the circuit court of Cook County with directions to grant Goodyear and Firestone's motion.

Reversed and remanded with directions.

QUINN, J., concurs.

JUSTICE REID, dissenting:

I dissent. While I agree in principle with the majority's discussion of the black letter law in the area of *forum non conveniens*, I cannot concur in the application of those rules to this particular factual situation. " '*Forum non conveniens* is a doctrine that is founded in considerations of fundamental fairness and sensible and effective judicial administration.' " *Vinson v. Allstate*, 144 Ill. 2d 306, 310 (1991), quoting *Adkins v. Chicago, Rock Island & Pacific R.R. Co.*, 54 Ill. 2d 511, 514 (1973). While there may be competing reasons for filing cases in different places, "sometimes public policy requires that a trial court decline to exercise jurisdiction." *In re Marriage of Lucht*, 299 Ill. App. 3d 541, 543 (1998). As a result, "[t]he trial court is vested with broad discretion to determine whether a motion to dismiss for *forum non conveniens* should be granted." *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 70 (1998); *Philips Electronics N.V. v. New Hampshire Insurance Co.*, 312 Ill. App. 3d 1070, 1083 (2000). Therein lies our mandate. "This court must *only* determine whether the trial court abused its discretion." (Emphasis added.) *Ferguson*, 302 Ill. App. 3d at 70. While the majority is correct that "[a] trial court's ruling will not be reversed on review unless it can be shown that the court abused its discretion in balancing the relevant factors" (*Vinson*, 144 Ill. 2d at 309-10, citing *Meyers v. Bridgeport Machines Division of Textron, Inc.*, 113 Ill. 2d 112, 118 (1986)), I believe the

majority has misapplied the law to these facts. The majority's analysis, though scholarly, fails to take into account the idea that "[t]his court in balancing the factors outlined [by the majority] must also take into consideration the principle that 'unless those factors *strongly favor the defendant*, then the plaintiff should be allowed to exercise his choice in deciding in what forum to bring the case when venue is proper.' " (Emphasis added.) *Vinson*, 144 Ill. 2d at 311, quoting *Torres v. Walsh*, 98 Ill. 2d 338, 351 (1983). A reviewing court determines whether the court abused its discretion, which can be found only when no reasonable person would take the view adopted by the circuit court. *Philips*, 312 Ill. App. 3d at 1083.

I diverge with the majority in that I do not believe these facts support disturbing the ruling of the trial court. Even accepting the majority premise that "the plaintiff's choice of forum *** is entitled to less deference because the accident did not occur in Illinois and plaintiff is not a resident of Illinois" (332 Ill. App. 3d at 381), the majority cannot use a single factor to reweigh the evidence or substitute its judgment for that of the court below. "[The] common law doctrine [of *forum non conveniens*] is applicable on an interstate basis and a case can be dismissed where the 'case *** has *no practical connection to the forum.*' " (Emphasis added.) *Vinson*, 144 Ill. 2d at 310, quoting *Torres*, 98 Ill. 2d at 348. In short, "[t]he balancing test is an unequal one, weighted in favor of the plaintiff's chosen forum." *Whirlpool Corp. v. Certain Underwriters at Lloyd's London*, 278 Ill. App. 3d 175, 181 (1996), citing *Evans v. MD Con, Inc.*, 275 Ill. App. 3d 292, 295 (1995). "That choice will not be disturbed unless the balance of factors strongly favors the defendant who is moving to dismiss on *forum non conveniens* grounds." *Whirlpool*, 278 Ill. App. 3d at 181, citing *Stein v. Volkswagen of America, Inc.*, 135 Ill. App. 3d 127, 132 (1985).

In reviewing the materials before us, I must disagree with the majority. I do not believe the appellants have demonstrated that the relevant factors, when viewed in their totality, strongly favor the motion to dismiss on *forum non conveniens* grounds. I would vote to affirm under all the attendant facts and circumstances of this case.