2021 IL App (1st) 210206-U
Order filed: August 27, 2021

FIRST DISTRICT
FIFTH DIVISION

No. 1-21-0206

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| BRIAN KOWALCZYK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 8347 |
| | ) | |
| ILLINOIS CENTRAL RAILROAD COMPANY and | ) | |
| MARIGOLD, INC., | ) | Honorable |
| | ) | Patricia O'Brien Sheahan, |
| Defendants-Appellants. | ) | Judge, presiding. |

_____

JUSTICE ROCHFORD delivered the judgment of the court.
Presiding Justice Delort and Justice Hoffman concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the denial of the defendants' joint motion to dismiss or transfer this matter on *forum non conveniens* grounds, as the circuit court did not abuse its discretion in finding that defendants have not met their burden to show that the private and public interest factors weigh in favor of dismissal or transfer.

¶ 2    Defendants-appellants, Illinois Central Railroad Company (Illinois Central) and Marigold, Inc. (Marigold), bring this interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(2) (eff. Oct. 1, 2020), challenging the circuit court's order denying their motion to dismiss or transfer this matter based on *forum non conveniens* grounds. For the following reasons, we affirm.

¶ 3    Plaintiff-appellee, Brian Kowalczyk, filed this lawsuit against defendants on July 29, 2019. In his complaint, plaintiff generally alleged that he injured his right knee on January 29, 2019,

when he fell into an open hole located in a walkway along a railroad track. The incident allegedly occurred while plaintiff was working for Illinois Central as a conductor on property owned by Marigold located in Cook County, Illinois. Each defendant was alleged to do business in Cook County. The first count was brought against Illinois Central under the Federal Employers' Liability Act (FELA) (45 U.S.C. §§ 51-60 (2018)), while the second count was brought against Marigold and alleged common law negligence.

¶ 4   The parties engaged in discovery, providing answers to interrogatories, producing relevant documents and other material, and taking four depositions of potential trial witnesses. That discovery revealed that the incident had actually occurred in Will County, Illinois, just south of its border with Cook County, plaintiff resided in Lake County, Indiana, and plaintiff had received significant medical care in Lake County, Indiana on both of his knees prior to and after the incident. For these and other reasons, defendants filed a joint motion to either dismiss this matter for refiling in Lake County, Indiana or transfer this matter to Will County based on *forum non conveniens* grounds, contending that plaintiff's choice of venue should be given little deference and the relevant public and private interest factors weigh strongly in favor of dismissal or transfer.[1]

¶ 5   The parties fully briefed the joint motion, and the circuit court ultimately denied defendants' motion in a written order entered on January 28, 2021. On February 26, 2021, defendants filed a petition for leave to appeal under Rule 306(a)(2), which this court granted on April 5, 2021. The sole question before us is whether the circuit court abused its discretion in denying defendants' joint motion to dismiss or transfer based on *forum non conveniens* grounds.

---

[1] The joint motion also identified the federal court, specifically the Northern District of Indiana, as a preferred, alternative forum. However, defendants have not made a similar claim on appeal, and we therefore will not further address the propriety of that alternative forum.

¶ 6      The Illinois venue statute provides that an action must be commenced in either: (1) the county of residence of any defendant who is joined in good faith, or (2) the county in which the cause of action arose. 735 ILCS 5/2–101 (West 2020). If there is more than one potential forum, the equitable doctrine of *forum non conveniens* may be invoked to determine the most appropriate forum. *Dawdy v. Union Pacific R.R. Co.*, 207 Ill. 2d 167, 171 (2003). "The doctrine is based on considerations of fundamental fairness and sensible and effective judicial administration. The doctrine allows the court in which the action was filed to decline jurisdiction and direct the lawsuit to an alternative forum that the court determines can better serve the convenience of the parties and the ends of justice." *Id.* at 171-72.

¶ 7      The doctrine has two potential applications: interstate *forum non conveniens*, and intrastate *forum non conveniens*. *Lambert v. Goodyear Tire and Rubber Co.*, 332 Ill. App. 3d 373, 377 (2002). "In other words, the doctrine may be applied not only where the choice is between forums in different states, but also where the choice is between forums in the same state. The same considerations of convenience and fairness apply in deciding the question of the forum for trial." *Fennell v. Illinois Central R.R. Co.*, 2012 IL 113812, ¶ 13. If the trial court grants an interstate *forum non conveniens* motion, the action must be dismissed because an Illinois circuit court lacks the power to transfer the action to the court of another state. However, the dismissal is conditioned on the plaintiff timely filing the action in the other forum, the defendant accepting service of process from that court, the defendant waiving any available statute of limitations defense and the court in the other forum accepting jurisdiction. *Id.*; Ill. S. Ct. R. 187(c)(2) (eff. Jan. 1, 2018).

¶ 8      In determining whether to grant or deny a *forum non conveniens* motion, the circuit court must consider the deference that should be afforded to the plaintiff's choice of forum. *Dawdy*, 207 Ill. 2d at 173. "A plaintiff's right to select the forum is substantial." *Id*. When a plaintiff chooses

its home forum, that choice will be given substantial deference. *McClain v. Illinois Central Gulf R.R. Co.*, 121 Ill. 2d 278, 289 (1988). However, if the plaintiff is foreign to the selected forum, its choice is given less deference. *Griffith v. Mitsubishi Aircraft International, Inc*., 136 Ill. 2d 101, 106 (1990). Moreover, if the plaintiff's chosen forum is not the site of the alleged negligence, its chosen forum is entitled to less deference. *Peile v. Skelgas, Inc*., 163 Ill. 2d 323, 337-38 (1994).

¶ 9 In making its determination as to the forum in which the case should be tried, the circuit court must also balance certain private and public interest factors. *Dawdy*, 207 Ill. 2d at 172. Private interest factors include: (1) the convenience of the parties; (2) the relative ease of access to sources of evidence; (3) the availability of compulsory process to secure attendance of unwilling witnesses; (4) the cost to obtain attendance of willing witnesses; (5) the possibility of viewing the premises, if appropriate; and (6) any other practical considerations that make a trial easy, expeditious, and inexpensive. *Id*. Public interest factors include: (1) the interest in having local controversies decided locally, (2) the unfairness of imposing jury duty on residents of a county with no connection to the litigation; and (3) the administrative difficulties caused by litigating cases in congested forums. *Id*. at 173.

¶ 10 Private factors are not weighed against public factors; rather, the circuit court must evaluate the totality of the circumstances in determining "whether the defendant has proven that the balance of the factors strongly favors transfer." *First American Bank v. Guerine*, 198 Ill. 2d 511, 518 (2002). "The defendant must show that the plaintiff's chosen forum is inconvenient to the defendant and that another forum is more convenient to all parties. *** Unless the balance of factors strongly favor a defendant's choice of forum, the plaintiff's choice of forum should rarely be disturbed." *Langenhorst*, 219 Ill. 2d at 444. Circuit courts are afforded considerable discretion in a ruling on a *forum non conveniens* motion. *Id.* at 441-42. A decision on *forum non conveniens*

will be reversed only where the circuit court abused its discretion in balancing the relevant factors such that no reasonable person would take the view adopted by the circuit court. *Id*. at 442.

¶ 11    We begin our analysis by addressing defendants' initial assertion that the circuit court *must have* abused its discretion in denying their joint motion, where it concluded that all the relevant private and public factors were either neutral or weighed in favor of either Will County or Lake County, Indiana. Defendants support this argument by citation to *DeVries v. Bankers Life Co.*, 128 Ill. App. 3d 647, 655 (1984), where this court concluded that "[s]ince all factors relevant to the *forum non conveniens* determination are either neutral or weigh in defendant's favor, we find that the denial of defendant's motion to dismiss constituted an abuse of discretion." We reject this argument.

¶ 12    First, defendants' argument essentially contends that the *DeVries* decision established a bright-line rule that a *forum non conveniens* motion must be granted where all the relevant private and public factors are either neutral or weigh in favor of a defendant. The *DeVries* decision did no such thing, where the conclusion in that case was based upon the court's careful analysis of the facts of that specific case. *Id*. at 652-655. Moreover, any such bright-line rule would run afoul of the long-held understanding that "each *forum non conveniens* case is unique and must be considered on its own facts." *Fennell*, 2012 IL 113812, ¶ 21.

¶ 13    Second, it was not enough for defendants to convince the circuit court that sufficient public and private factors weigh in favor of their two proposed alternative forums, collectively. Rather, defendants had to show that the balance of factors *strongly favor* at least one of those alternative forums *individually*, such that this matter should be relocated to *one* of those proposed forums. *Langenhorst*, 219 Ill. 2d at 444. As will be discussed below, the circuit court did not abuse its discretion in concluding that defendants failed to meet this burden.

¶ 14   Turning to the deference to be afforded to plaintiff's choice of Cook County as the forum for this lawsuit, the circuit court's written order specifically recognized plaintiff's substantial interest in choosing his own forum while also recognizing that plaintiff lived in Lake County, Indiana and that the incident occurred in Will County. Ultimately, the circuit court concluded that plaintiff's choice of Cook County was entitled to "some deference" based upon these facts, after citing to *Langenhorst*, 219 Ill. 2d at 448, for the proposition that the deference to be accorded in such a situation is only *less,* as opposed to *none.* Notably, defendants do not challenge this finding on appeal and we agree with the circuit court's analysis on this point. Therefore, we will proceed to review the relevant private and public interest factors.

¶ 15   As to the first private-interest factor, defendants must prove plaintiff's chosen forum is inconvenient and that another forum is more convenient for all parties. *Id*. Although plaintiff does not reside in Cook County, defendants may not assert that the chosen forum is inconvenient to plaintiff. *Erwin ex rel. Erwin v. Motorola, Inc*., 408 Ill. App. 3d 261, 275 (2011). Furthermore, it is undisputed on appeal that both defendants are Illinois corporations with their principal place of business located in Cook County and "[i]t is all but incongruous for defendants to argue that their own home county is inconvenient." *Kwasniewski v. Schaid,* 153 Ill. 2d 550, 555 (1992). While defendants complain that the circuit court improperly focused on their business activities in Cook County in analyzing this factor, Illinois appellate decisions are to the contrary. *Erwin*, 408 Ill. App. 3d at 276 (while a party's principal place of business is not necessarily "dispositive" in a *forum non conveniens* analysis, "it certainly is an acceptable factor to be weighed"); *Gridley v. State Farm Mutual Automobile Insurance Co*., 217 Ill. 2d 158, 173 (2005) (principal place of business is a "factor to be considered"). The circuit court noted these very points in finding the factor to be neutral, and we cannot say it abused its discretion in doing so.

¶ 16    We now address the second private interest factor—the relative ease of access to sources of testimonial and documentary evidence. The circuit court found this factor to be neutral and we agree. Here, the parties have identified—other than plaintiff himself—17 possible liability witnesses, of which 11 reside in Lake County, Indiana, 3 in Will County, 2 in Kankakee County, Illinois, and 1 in Porter County, Indiana. While most of these witnesses are located in Indiana, the circuit court correctly noted that the potential witnesses were scattered across several counties in Illinois and Indiana, such that no one alternative forum was favored. See *Langenhorst*, 219 Ill. 2d at 453 (motion to transfer properly denied where "most of the potential trial witnesses are scattered and no single county enjoys a predominant connection to the litigation."). Furthermore, the counties at issue here are all adjacent to each other with each of the three counties sharing a border with the other two. As such, any true differences in the relative ease of access to sources of testimonial evidence among the three possible venues are minimal. *Id*. at 450 (noting that where the forums at issue are adjacent and the differences in travel distances are relatively minimal, the battle over the most appropriate forum results in a battle over mere minutiae).

¶ 17    In addition, plaintiff received medical care for the injury to his right knee in Cook County and DuPage County, Illinois, as well as Lake County, Indiana. Plaintiff also received significant medical care on both knees in Lake County, Indiana prior to the incident. The circuit court correctly recognized that, to the extent that any documents or other materials located in these various forums would be required for this lawsuit, that fact does not strongly weigh in favor of transfer. See *Vivas v. Boeing Co.*, 392 Ill. App. 3d 644, 659 (2009) ("the location of documents, records and photographs has become a less significant factor in *forum non conveniens* analysis in the modern age of e-mail, Internet, telefax, copying machines and world-wide delivery services, since they can now be easily copied and sent."); *Erwin*, 408 Ill. App. 3d at 281 ("it has become well recognized

by our courts that given our current state of technology * * * documentary evidence can be copied and transported easily and inexpensively").

¶ 18    We do pause briefly to note that in analyzing this factor and concluding that it was neutral, the circuit court went further to opine as follows:

> "the COVID-19 pandemic has had a dramatic impact on how litigation is conducted. Many court hearings, depositions, and pretrial conferences are now being done remotely. If the pandemic continues much longer, the judiciary in Cook County will likely find ways to conduct jury trials remotely. COVID-19 has accelerated the adoption of Zoom, Skype, Microsoft Teams, and other web-based video conferencing platforms by lawyers and the general public. The technology employed during this crisis is not likely to disappear once it ends. The idea of a trial consisting of lawyers, witnesses, jurors, and judges all being in the same room may one day become an artifact of a by-gone era. Given advancing technology, testimony and documentary evidence can be accomplished anywhere."

Defendants complain that the circuit court's speculation about the possibility of remote jury trials is unfounded and unsupported by the record, and also ignores both the demonstrated commitment of Illinois courts to return to in-person jury trials and the long-recognized understanding that there is no true substitute for live testimony at trial.

¶ 19    As an initial matter, we note that much of the circuit court's commentary focused on the use of remote technologies in pretrial matters, and we have little doubt that the circuit court is correct that the utilization of such technologies will likely survive the COVID-19 pandemic and perhaps even expand in scope. With respect to the circuit court's speculation regarding the possibility of remote jury trials in the future, while we agree with defendants that there is nothing in the record to support the circuit court's comments, we also do not believe the circuit court

contemplated such a remote jury trial here, nor do we believe these comments played a significant role in the circuit court's analysis of this factor. Even if it did, we need not address this issue further. We have already concluded that the circuit court did not abuse its discretion in concluding that this factor was neutral based upon its consideration of relevant criteria, so any further analysis of the circuit court's reliance upon potentially speculative criteria would be unnecessary as the issue is moot. *In re Jonathan P*., 399 Ill. App.3d 396, 400 (2010) ("Generally, courts of review do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided.").

¶ 20    The circuit court found the third private interest factor—the availability of compulsory process to secure attendance of unwilling witnesses—to favor transfer to Indiana because while compulsory process over Illinois witnesses would be available in either Cook or Will County, the same would not be the case for unwilling witnesses located in Indiana. While defendants have not challenged this finding on appeal, we find that it was arguably too generous to defendants.

¶ 21    As noted above, there were also many witnesses located in Illinois who would not be subject to compulsory process if the matter was refiled in Indiana. Furthermore, while some witnesses claimed in affidavits that testifying in Illinois would be inconvenient, defendants have not identified any single, specific witness located in Indiana that would be *unwilling* to testify in Illinois. It is generally understood that a circuit court should not speculate about a witness's whereabouts or unwillingness where a defendant has failed to meet its burden of proof to identify a specific witness who would be unwilling to testify in Illinois. *Erwin*, 408 Ill. App. 3d at 277. In addition, at least 12 of the specifically identified liability witnesses located in Indiana are employees of defendants, and our supreme court has recognized that a plaintiff will likely experience little difficulty securing the appearance of a defendant's employees. *Fennell*, 2012 IL

113812, ¶ 31.

¶ 22    The circuit court found the fourth private interest factor—the cost to obtain attendance of willing witnesses—to slightly favor Lake County, Indiana after noting again that there were potential witnesses located in multiple counties. We cannot say this was an abuse of discretion, where most of the identified witnesses lived in Indiana. As to the fifth private interest factor—the possibility of viewing the site of the incident—the circuit court did not abuse its discretion in finding that this factor weighed in favor of Will County, the location of the incident. We do note however, as the circuit court itself did, that the incident occurred just south of Cook County's border with Will County, such that any "viewing of the scene will not be materially different" if this matter is tried in either county.

¶ 23    As to the final private interest factor—all other practical considerations that make a trial easy, expeditious, and inexpensive—the circuit court concluded that this factor was neutral after noting that all the parties were represented by counsel located in Cook County, but that the location of the parties' attorneys is accorded little weight in determining a *forum non conveniens* motion. *Langenhorst*, 219 Ill. 2d at 450. We agree. We also note that while defendants have gone to great lengths to show how either Lake County, Indiana or Will County would be more convenient for various witnesses, we note again that the counties at issue here are all adjacent to each other with each of the three counties sharing a border with the other two counties. So again, any true differences in holding an easy, expeditious, and inexpensive trial among the three possible venues are minimal and this is a battle over mere minutiae. *Id.*

¶ 24    Turning to the first public interest factor—the interest in having local controversies decided locally—the circuit court correctly noted that the location of the injury giving rise to the litigation (here, Will County) is the most significant factor in giving any county a local interest. *Dawdy*, 207

Ill. 2d at 183. However, and despite defendants' claims to the contrary, the circuit court also appropriately recognized that Cook County had a local interest in this litigation because both defendants have their principal place of business in Cook County, before concluding that this factor was neutral.

¶ 25    It is certainly true that "[m]erely conducting business" in the plaintiff's chosen forum does not affect the *forum non conveniens* analysis." *Id*. at 182. However, the fact that a defendant has its *principal place of business* in a plaintiff's chosen forum is a relevant consideration in determining if there is a local interest in the litigation at issue. *Gridley*, 217 Ill. 2d at 173 (defendant's principal place of business is a factor to be considered in determining the more appropriate forum); *Wieser v. Missouri Pacific R.R. Co.*, 98 Ill. 2d 359, 371–72 (1983) (forum where a defendant has its principal place of business "had an interest in providing a forum in which to resolve the dispute."); *Wilder Chiropractic, Inc. v. State Farm Fire & Casualty Co.*, 2014 IL App (2d) 130781, ¶ 69 (same). The circuit court did not abuse its discretion in finding this factor neutral, even if we might have given the edge to Will County considering the location of the injury giving rise to the litigation is the *most significant* factor in giving any county a local interest. *Bird v. Luhr Bros.*, 334 Ill. App. 3d 1088, 1091 (2002) (appellate court will not substitute our judgment for that of the circuit court to determine whether the circuit court exercised its discretion wisely.)

¶ 26    With respect to the second public interest factor—the unfairness of imposing jury duty on residents of a county with no connection to the litigation—defendants fault the circuit court for concluding that "it is not entirely unfair to impose jury duty on Cook County residents" where both defendants have their principal place of business in here. To the extent that defendants contend this was an improper consideration, we reject that argument for the same reasons expressed above. To the extent that defendants argue that Will County, as the site of the incident,

and Lake County, Indiana, where plaintiff resides, each also have a strong interest in this suit, we do not disagree. However, the point is that each of the three forums at issue here have an interest in this matter, and we cannot say that the circuit court abused its discretion in finding this factor neutral considering that shared interest.

¶ 27 As to the final public interest factor—the administrative difficulties caused by litigating cases in congested forums—the circuit court concluded that this factor favored either Will or Lake County, Indiana based upon evidence that Cook County courts were more congested than the alternative forums. However, the evidence of court congestion supplied by defendants only included information as to the total number of filed, disposed of, and pending cases in in Cook County and Will County, and did not include information as to the speed with which cases are resolved. Moreover, no such information was provided with respect to Lake County, Indiana at all. "Court congestion is a relatively insignificant factor, especially where the record does not show the other forum would resolve the case more quickly." *Guerine*, 198 Ill. 2d at 517, citing *Brummett v. Wepfer Marine, Inc*., 111 Ill. 2d 495, 503 (1986). Thus, the record does not actually contain evidence that this relatively insignificant factor strongly weighed in favor of Will County or Lake County, Indiana in any meaningful way, and the circuit court was arguably wrong to conclude that there would be any administrative difficulties caused by litigating this matter in Cook County based on this evidence.

¶ 28 "Having considered all of the arguments raised in the briefing, the attached exhibits, and the totality of the circumstances of the case," the circuit court ultimately denied the joint motion after concluding that "the public and private interest factors in their totality do not strongly favor transfer, and transfer or dismissal is therefore inappropriate." It did so after concluding that five factors were neutral, two favored Lake County, Indiana, one favored Will County, and one factor

favored either Will County or Lake County, Indiana over Cook County. On appeal, we have generally found no abuse of discretion with respect to the circuit court's analysis of the individual factors, with the following exceptions: (1) the circuit court improperly found the third private interest factor—the availability of compulsory process to secure attendance of unwilling witnesses—to favor transfer to Lake County, Indiana, where defendants have not identified any single, specific witness located in Indiana that would be *unwilling* to testify in Illinois and many of those witnesses were employees of defendants; (2) as to the first public interest factor—the interest in having local controversies decided locally—we might have given the edge to Will County considering the location of the injury giving rise to the litigation is the most significant factor in giving any county a local interest, and (3) as to the final public interest factor—the administrative difficulties caused by litigating cases in congested forums—the circuit court was arguably wrong to conclude that there would be any administrative difficulties caused by litigating this matter in Cook County based on the evidence presented by defendants. As such, our own review of the record finds, in general, even less support for defendants' joint motion than found by the circuit court.

¶ 29    However, we reiterate that this court will not substitute our judgment for that of the circuit court to determine whether the circuit court exercised its discretion wisely. *Bird*, 334 Ill. App. 3d at 1091. Rather, it was within the circuit court's discretion to determine whether the balance of factors so strongly favor dismissal or transfer of this matter to one of the proposed alternative forums that the plaintiff should be deprived of his chosen forum. *Guerine*, 198 Ill. 2d at 526. On the record before us, we cannot say that the circuit court so abused its discretion in balancing the relevant factors that no reasonable person would deny defendants' joint motion to dismiss or transfer. *Langenhorst*, 219 Ill. 2d at 442.

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31    Affirmed.